## CHARLESTON.

GROVER L. POSTLETHWAIT *v.* WORKMEN'S COMPENSATION COMMISSIONER

(No. 6293)

Submitted September 12, 1928. Decided September 18, 1928.

58

*M. H. Willis* and *C. L. Johnston,* for appellant.

*Howard B. Lee,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for Commissioner.

HATCHER, JUDGE:

Grover L. Postlethwait is an applicant for compensation from the Workmen's Compensation fund. The State Compensation Commissioner refused to allow him compensation upon the ground that it was not shown that the injury complained of is the result of the injury received. This is an appeal from that finding.

The injury alleged was an abrasion of the left eye from a piece of steel. The injury complained of is a cataract causing total blindness in that eye. Postlethwait sufficiently proves excellent vision before the injury received and rapidly failing sight in that eye following it. The accident happened on July 12, 1926. On the following day he was treated by Dr. A. E. McCluskey (a general practitioner), who states that the eye was somewhat inflamed and swollen, but that he "did not find any scar on the iris or any sign of a scar". On July 16th, Postlethwait had his eye examined by Dr. O. S. Gribble, of Clarksburg, a specialist in diseases of the eye, who states that at that time he "was unable to find any evidence of injury to the eye", but did discover a posterior capsular cataract. Dr. Gribble was of opinion that the cataract was not of traumatic origin.

Postlethwait was examined on August 4, 1927, by Dr. A. L. Coyle, of Wheeling, an eye specialist, who says that a posterior capsular cataract, as its name implies, affects the rear wall of the capsule of the lens; that it cannot be seen except by means of a special instrument; that in all cases of such cataract within his observation the loss of vision was not complete and affected both eyes; that the "white cast" in Postlethwait's eye could be seen by a casual observer; and that his

left eye is totally blind while his right eye is unaffected. Dr. Coyle is therefore of opinion that the cataract it traumatic.

On December 15, 1927, Dr. Fred P. Weltner, of Charleston, another eye specialist, examined the applicant. Dr. Weltner writes: ''There is no evidence of injury, but there is an immature cataract of the left eye.'' His letter contains a statement by Postlethwait of the symptoms following the alleged injury from which Dr. Weltner concludes that the cataract is due to that injury. As that statement does not accord with the history of the case, as given by either Dr. McCluskey or Dr. Gribble, the opinion of Dr. Weltner cannot be accorded the weight it otherwise would receive.

An X-ray of the eye, also made on December 15, 1927, was reported to show ''a minute shadow'' in the internal quadrant of the left orbit ''suggestive of a foreign body''. But the report states that the shadow is so small as to preclude definite diagnosis except by repeated examination. No further examinations were made. A fellow workman, present when Postlethwait was injured, states that he ''took the little scale (of steel) out of his eye''. When this statement is taken in connection with the evidence of Dr. McCluskey that there was no scar on the iris upon the day following the accident, it would seem that the ''minute shadow'' disclosed by the X-ray, whatever it may be, is hardly attributable to the injury of July 12, 1926.

There is no evidence before us as to the rapidity with which a cataract develops, or how soon after inception it destroys vision. The opinion of Dr. Gribble would apparently preclude the probability that the cataract he discerned on July 16, 1926, could have developed in four days. As his examination of the applicant was so close in point of time to the accident, his opinion is entitled to peculiar weight. It casts grave doubt upon any connection between the injury received and the cataract. That doubt is not overcome by the other evidence. We therefore cannot say that the commissioner erred in rejecting the application, and his order is affirmed. *Poccardi* v. *Compensation Com'r.,* 79 W. Va. 684.

As the misfortune of the applicant is so serious, we are of opinion that his case should be reopened if he can materially

develop it further, which privilege we are satisfied will be granted him by the Commissioner.

*Affirmed.*