# CHARLESTON.

ARNOLD LACY *v.* COMPENSATION COMMISSIONER

(No. 6417)

Submitted January 9, 1929.   Decided January 15, 1929.
Rehearing Denied February 25, 1929.

*J. Sherman Lilly,* for appellant.

*Howard B. Lee,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for respondent.

MAXWELL, JUDGE:

On the 9th day of September, 1926, petitioner was injured about the chest and otherwise by being squeezed between a mine car and the roof of the mine where he was an employee of the Coal River Collieries Company at Prenter, West Vir-

ginia. The chest injury affected the right lung necessitating an incision for drainage. There followed a partial collapse of the lower half of the right lung. He also suffered from an attack of pneumonia which greatly weakened his condition.

At the expiration of about nineteen months following the injury, during fifty-two weeks of which time the petitioner had been allowed compensation at the rate of $13.61 per week, the allowance was terminated by the Compensation Commissioner on the ground that physical examination failed to reveal that the petitioner had any ratable permanent disability as the result of his injury. On appeal to the commission created by section 57, Chapter 68, Acts of the Legislature of 1925, the procedure of the Compensation Commissioner was approved. From the said action of the commission this appeal is prosecuted.

In an affidavit of the 21st of May, 1927, the petitioner says that his lungs are weak and that he gets tired easily when he walks around. Statements of physicians made upon examinations of the petitioner several months subsequent to the injury follow:

On the 5th of March, 1927, Dr. J. B. Lohan, who had first treated the petitioner on the day of his injury, stated: ''This is to certify that I have today examined Arnold Lacy of Mac-Corkle, West Virginia, and find that he still suffers from myocardial disease and collapsed base of right lung, which are the result of an accident last September, for which I also treated him. In my opinion Mr. Lacy should not work for at least six months.'' On the 11th of April, 1927, Dr. R. H. Walker, chief medical examiner of the Workmen's Compensation Department, and who had operated on claimant a few days following his accident in September, 1926, again examined petitioner and made a report of his examination wherein he states that the petitioner had suffered severe contusion of the chest which later developed into empyema of the right side; that the patient carried a scar between seventh and eighth ribs (presumably where drainage had been effected), but that this was not causing any trouble, and, in the opinion of the doctor, the claimant was then able to do light work. Under an examination of May 20, 1927, Dr. C.

N. Watts found that the petitioner had not yet recovered from the weakened condition resulting from the attack of pneumonia which he suffered soon after the accident, and that at the time of the examination conditions were such that the physician could not determine how much longer the patient would be disabled. February 10, 1928, Dr. Walker made an X-ray examination which disclosed a fibrosis of the base of the right lung, probably the result of empyema; that there was then no definite evidence of active infection. The doctor stated that in his opinion the patient was "able to do some light work of some type." On the 10th of April, 1928, Dr. Lohan again examined the petitioner and reported a partial collapse of the lower half of the right lung, which, in the opinion of the physician, is a permanent disability. On the following day, Dr. Walker again examined petitioner and reported that his condition was the same as at the time of the examination February 10, 1928. The doctor said: "It is my belief that he is able to do some type of work and I recommend same."

The following are provisions of the Workmen's Compensation Law, Code, chapter 15P, section 31, as amended by chapter 68 of the Acts of the Legislature of 1925, pertinent to the inquiry:

(a) "If the injury causes temporary total disability, the employee shall receive during the continuance thereof sixty-six and two-thirds per centum of his average weekly earnings not to exceed a maximum of sixteen dollars per week nor to be less than a minimum of eight dollars per week."

(b) "Paragraph (a) of this sub-division shall be limited as follows: Aggregate award for a single injury causing temporary disability shall be for a period not exceeding fifty-two weeks; * * *."

(c) "If the injury causes permanent disability, the percentage of disability to total disability shall be determined and the award computed and allowed as follows:

\* \* \* \* \* \* \* \* \*

For a ten per centum disability, sixty-six and two-thirds per centum of the average weekly earnings for a period of forty weeks;

For a fifteen per centum disability, sixty-six and two-thirds per centum of the average weekly earnings for a period of sixty-weeks.''

(i) ''Where an injury results in temporary total disability for which compensation is awarded under paragraph (a) of this section, and such injury is later determined a permanent partial disability under paragraph (c), the amount of compensation so paid shall be considered as payment of the compensation payable for such injury in accordance with the schedule in paragraph (c).''

(j) ''The following permanent disabilities shall be conclusively presumed to be total in character:

Loss of both eyes or the sight thereof;

Loss of both hands or the use thereof;

Any injury resulting in practically total paralysis.

In all other cases permanent disability shall be determined by the commissioner in accordance with the facts in the case, and award made in accordance with the schedule in paragraph (c).''

It thus appears that where an employee who is entitled to the benefits of the Workmen's Compensation Act becomes incapacitated because of injury received in the course of his employment the case may be carried by the Compensation Commissioner as an open one for a period of fifty-two weeks, which time may be extended for certain injuries enumerated in the statute and not necessary to be mentioned here because not applicable. At the end of the period of fifty-two weeks, if the applicant does not come within the enumerated exceptions which entitles him to have his case carried for a longer time as an open one, he must be given a permanent rating or his case closed. It must therefore be determined here whether it appears from the evidence that at the end of the period of fifty-two weeks the commissioner erred in not giving to Arnold Lacy, under the authority of the latter part of paragraph (j), *supra*, a rating on the basis of permanent partial disability. It will be noted from the above quoted portions of paragraph (c) that to carry the claimant beyond a period of fifty-two weeks for which he has received compensation there would have to be a rating of permanent par-

tial disability on a basis greater than ten per centum. We find nothing in the evidence that would warrant the Court in saying that it affirmatively appears that the petitioner's disability is greater than ten per centum. In a case where it appears that the finding of the ·Compensation Commissioner or the appellate commission is at variance with undisputed evidence or with a clear preponderance of the whole evidence, this Court will reverse the finding, *Caldwell* v. *Compensation Commissioner,* 106 W. Va. 14, 144 S. E. 568; but where the finding is not so at variance, this Court should not interfere. *Poccardi* v. *Compensation Commissioner,* 79 W. Va. 684, 91 S. E. 663; *Postlethwait* v. *Compensation Commissioner,* 106 W. Va. 57, 144 S. E. 717.

For the reasons aforesaid the action of the State Compensation Commissioner as approved by the appellate commission, is affirmed.

*Affirmed.*