# CHARLESTON.

C. E. STONE *v.* COMPENSATION APPEAL BOARD.

(No. 6369)

Submitted January 9, 1929.  Decided January 15, 1929.

*Guy H. Burnside,* for appellant.

*Howard B: Lee,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for respondent.

LIVELY, JUDGE:

Petitioner, C. E. Stone, prosecutes this appeal from an order of the Compensation Appeal Board which affirmed a ruling of the Workmen's Compensation Commissioner granting petitioner, a motorman in the mines of the Bethlehem Mines Corporation, at Reedsville, a disability award of fifty-five per cent because of an injury to his back occasioned by a fall of slate.

It is the contention of the petitioner that the clear preponderance of the evidence establishes the fact that the petitioner, who is dependent upon manual labor as his only means of livelihood, is totally and permanently disabled within the meaning of the Compensation Act. The attorney general argues that as there is sufficient evidence to sustain the finding of the Appeal Commission upholding a disability award of fifty-five per cent., its ruling will not be disturbed on this appeal.

The petitioner was injured on October 27, 1924. Compensation was paid on the claim as an open case for fifty-two weeks, subsequent to which an award of thiry per cent. disability was entered. An additional award of ten per cent. was made on April 15, 1927, which expired November 27, 1927. Application was then made for a further extension which was taken under advisement by the Commissioner and an additional award of fifteen per cent. was entered on January 5, 1928, thus making the total compensation to be paid

fifty-five per cent. for 220 weeks, expiring on January 20, 1929.

After the expiration of the thirty per cent. disability award on February 20, 1927, the Commissioner had one of his in- spectors investigate the then status and the circumstances surrounding the petitioner's claim. It was the investigator's opinion that the petitioner was a malingerer, and that his disability was feigned. He secured the affidavits of a num- ber of persons living in the vicinity of Reedsville, and certain data, to the effect that the petitioner had been employed dur- ing the year 1926 on the public roads of that county as a boiler fireman and as a truck driver hauling stone; and that the petitioner in the year 1926 had operated his own truck in which he himself had loaded, unloaded and delivered lum- ber sawed by him.

In making the awards, as above set out, the Commissioner had before him the following expert testimony:

That of Dr. C. W. Waddel, who examined the petitioner on January 27, 1926. This physician stated that an X-ray examination showed a compression due to a crushing of the last dorsal vertebra; that flexibility was about normal; that patient's disability was permanent, and he would be unable to fill a position requiring very much physical exertion.

That of Dr. H. M. Divvens, physician for the Bethlehem Mines Corporation at Reedsville, who in an affidavit made on March 24, 1927, stated that an X-ray taken shortly after the accident revealed no serious or permanent injury. Dr. Div- vens was of opinion that the patient was a malingerer, basing this belief upon the fact that he had been informed of the petitioner's performing manual labor since the accident, and upon his observation of the latter at Reedsville.

That of Drs. Baer and Johnson, Jr., of Baltimore, Mary- land, who, in a report rendered on May 17, 1927, a copy of which was received in the department on October 14, 1927, through the Bethlehem Mines Corporation at Johnston, Penn- sylvania, stated there was "a fracture of the twelfth dorsal vertebra, involving the cord to a certain extent"; that the patient was incapacitated from engaging in his usual work and could do nothing requiring lifting or heavy manual labor.

That of the Compensation. Department's chief medical examiner, R. H. Walker, who, in a report on January 18, 1927, based upon X-ray and physical examination, stated that the X-ray showed a depressed fracture of the second lumbar vertebra; that claimant was able to flex his body to forty degrees; that he had a limited amount of motion in lateral movements and some backward movements; that claimant was able to do some light work but would never be able to follow his former occupation; that claimant had reached his maximum improvement and had partial permanent disability.

That of the chief medical examiner, Dr. Walker, who in a memorandum dated December 18, 1927, stated that recent examinations showed petitioner to be a well-nourished, well-developed man, weighing 209½ pounds, apparently healthy; that there was a slight deformity in the level of the first lumbar vertebra; that it would appear that the petitioner had done some manual labor, although he stated the contrary. It was Dr. Walker's opinion that the petitioner had been fully compensated for the injury sustained, that is a forty per cent. disability.

When the last award of fifty-five per cent. disability was made on January 5, 1928, in a letter to the petitioner's attorney, the Compensation Commissioner stated: ''This award was made with the understanding that it is to be final. Under it compensation will be paid to January 21, 1929, at which time this case will stand closed.'' An appeal was taken from this ruling to the Appeal Board, which affirmed the Commissioner's award. The petitioner sought to have the case *re-opened by the Commissioner, who stated that if sufficient* evidence was presented he would consider such action. The petitioner then offered the affidavits of himself and a number of persons living in Reedsville and vicinity, for the purpose of showing that he had been disabled from performing manual labor since the date of his injury. Contradiction and explanation was made of the affidavits contained in the report of the Department's inspector, which had tended to show that the petitioner had in the year 1926 performed certain manual labor, as hereinbefore set out. There were also presented at this time the statements of a number of physicians

who had made recent examinations of the petitioner. These physicians expressed the opinion that the petitioner was suffering from a crushed 12th dorsal vertebra, rendering him incapable of performing heavy manual labor. They further said that in their opinion the petitioner was permanently disabled, and fixed the extent of disability at 90 to 100 per cent. The Commissioner ruled that this additional evidence was not sufficient to warrant the re-opening of the case. Whereupon an appeal was again taken to the Appeal Board, which affirmed the ruling of the Commissioner. No additional evidence was presented to the Appeal Board.

As a general rule, the extent of permanent disability occasioned by an accident not being capable of exact measurement (except in those cases enumerated in the statute), its determination is a question of fact which rests within the sound discretion of the Compensation Commissioner, under the facts and circumstances of each particular case. Vol. 1, Hannold on Workmen's Compensation, sections 156 and 157; *Casualty Co.* v. *District Court,* 158 N. W. (Minn.), 700; *Frankfort General Insurance Company* v. *Pillsbury,* 159 Pac. (Cal.), 150, 152; section 31, chapter 15P, Code, as amended by section 31, chapter 68, Acts of 1925. And such a finding of fact by the Commissioner is to be treated as the verdict of a jury or the finding of a judge, and will not be set aside if there is evidence to support it. *Poccardi* v. *Compensation Commissioner,* 79 W. Va. 684, especially where the evidence is conflicting. *Postlethwait* v. *Compensation Commissioner,* 106 W. Va. 57, 144 S. E. 717; *Jaggie* v. *Davis, etc. Company,* 75 W. Va. 370.

There was evidence to support the award of the Compensation Commissioner. Dr. Walker, the Department's chief medical examiner, reported that the petitioner, who, in appearance is a healthy, well-nourished man, weighing over two hundred pounds, was fully compensated by an award of forty per cent. disability. Dr. Divvens was of the opinion that the petitioner was not permanently injured and expressed the view that from his observation and knowledge of the circumstances surrounding the petitioner's claim, he was a malingerer. Furthermore, according to the testimony of a

number of witnesses, the petitioner has since his injury been engaged in heavy manual labor for considerable periods of time, although there is evidence to the contrary. We are not disposed to disturb the Appeal Board's affirmation of the Compensation Commissioner's ruling. As indicated, there is no exact rule (except in those cases enumerated in the statute), for ascertaining the extent of the claimant's disability under the statute, and we believe that the Commissioner by reason of his experience in administering the Act, is peculiarly well fitted to pass upon such a question of fact. Likewise, the composition of the Appeal Board, including in its membership, the governor of the state, the state health commissioner and the commissioner of labor, makes it especially qualified to review that kind of a finding.

While we affirm the ruling of the Appeal Board, we do not believe it would be out of place to suggest that had we in the first instance been the determiners of the extent of petitioner's disability, we might, under the evidence in this case, have granted a greater percentage than that allowed by the Compensation Commissioner. It is true that there is evidence tending to show that petitioner performed heavy manual labor after he was injured, which would militate against the opinion of those physicians who stated they believed him to be totally disabled from engaging in work of that nature. But it will be noted that in spite of the affidavits contained in the adverse report of its inspector, the Commissioner increased the disability award from thirty per cent. to fifty-five per cent., evidently not attaching great weight to this evidence. Furthermore, the petitioner, by affidavits filed with the Commissioner subsequent to the last award, contradicts and to a certain extent explains the affidavits set out in the inspector's report as to the heavy manual labor performed by the petitioner. In addition to this fact there are the statements of the four physicians who examined the petitioner after the last award had been made and who expressed the opinion that the petitioner would be unable to further engage in heavy manual labor, and who fixed the extent of his permanent disability at from 90 to 100 per cent. These facts and circumstances would be persuasive in finding a greater

per cent. of disability than that fixed by the Commissioner. We would recommend that the Compensation Commissioner re-open the case, take further evidence, if any is available, and give further consideration to this matter. Of course, this suggestion is merely gratuitous, and has no legal significance. The ruling of the Compensation Commissioner as upheld by the Appeal Board will be affirmed.

*Affirmed.*