# CHARLESTON.

MOSE STEPP *v.* LEE OTT, *State Compensation Commissioner*

(No. 6510)

Submitted January 8, 1930.   Decided January 14, 1930.

*Robert E. White,* for appellant.

*Howard B. Lee,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for respondents.

LITZ, JUDGE:

This is an appeal from an order of the Compensation Commissioner, denying the claimant, Mose Stepp, compensation for alleged permanent disability resulting from injury to the eyes.

He was paid an award for temporary disability ending December 25, 1927. Stepp claims that while working for the United Fuel Gas Company near Fort Gay, Wayne county, West Virginia, on September 24, 1927, rust or scales from metal pipe fell into his eyes, causing complete loss of sight in the left eye and impairment of vision in the right.

A. J. Stepp, local foreman of the work, states that Mose complained to him immediately after the occurrence, and that he, at the time, removed "two or three small scales" from claimant's eyes, but did not observe any cut or laceration to either; and that claimant continued at work until the next day when witness advised him to see a doctor as his eyes then "looked red and watering". In a previous statement, the witness said that when Mose "complained of it (rust or scales) being in his (left) eye, I had him come out of the ditch and I attempted to get it out by blowing in his eye but without success."

Effie Stepp, W. S. Wooten and Maria Wooten state that on or about September 28, 1927, Evelyn Stepp took "a small piece of rust or steel from the left eye" of claimant.

Paul D. Hall, eye specialist of Paintsville, Kentucky, treated claimant's eyes from October 1 to December 19, 1927. He states that there was an ulcer in the left eye (which finally produced total blindness of that organ) and inflammation in both, which he thinks was due to an injury; and that his examination revealed no evidence of gonorrhoea.

As the result of his examination of Mose Stepp on October 4 ,1928, C. B. Neidhamer, M. D., of Ashland, Kentucky, states: "He had conjunctivitis in both eyes, and is totally blind in

the left eye. I negated any evidence of venereal disease; however, took a specimen of his blood for a Wassermann examination. The report on this blood examination will be mailed in a few days, and can be made a part of this report. I would recommend that he be examined by a specialist in eye diseases.'' The report of the examination of the blood specimen, made by Linwood A. Brown, director of laboratories of Kentucky University, follows: ''Wassermann test (one plus); Kahn Precipitation test—(Negative.''

The claimant offered evidence tending to prove that he had good vision previous to the alleged injury.

T. W. Moore, eye specialist of Huntington, West Virginia, who examined claimant's eyes October 4, 1928, is of opinion that ''his injury happened earlier in life as he has nystagmus (rapid involuntary oscillation of the eye balls) of the right eye;'' that he was ''unable to in any way associate the rust in his eye with the condition now existing;'' and that he found no evidence of venereal disease.

W. W. Wray, M. D., of Louisa, Kentucky, who examined claimant's eyes September 22, 1927, states that both were then ''very much inflamed''; that the examination ''under local anesthetic revealed no scars nor the presence of any foreign body''; that to his knowledge, Mose Stepp had been afflicted with ptosis (dropping of the upper eye lid, produced by paralysis of the levator muscle) of both eyes for eighteen or twenty years, and that in his opinion loss of vision ''is not due to the rust or scales as he claims.''

George W. Robison, general foreman of the work in which Stepp was engaged at the time of the alleged injury, states that claimant complained before then of his eyes being weak, and that Dr. Wray told him after, that Stepp had gonorrhoea and would go blind.

An examination of claimant, March 9, 1928, by Fred P. Weltner, eye specialist of Charleston, follows: ''The vision of the right eye is 20/40, correcting to 20/20 with glasses. The left eye is amautotic. There has been a large ulcer of the left cornea and now there is a leucoma, prolapsed adhered iris ect. There will be no improvement of the left eye.

There is evidence of a severe subsiding conjunctivitis of both eyes. The tarsal conjunctiva is congested at this time. I believe this man is convalescing from a severe purulent conjunctivitis, very probable a gonnorrheal ophthalmia. I do not believe he had any injury or any foreign body in either eye. The left eye is painful, tender and slightly inflamed. It should be removed on account of a sympathetic ophthalmia.''

Applying the rule (often repeated) that the finding of fact by the Compensation Commissioner should be treated as the finding of a judge or the verdict of a jury, and will not, as a general rule, be set aside if there is substantial evidence to support it, we are compelled to affirm the order of the Compensation Commissioner.

*Affirmed.*