HOSEA EDWARDS *v.* STATE COMPENSATION COMMISSIONER *et al.*

(No. 7381)

Submitted September 7, 1932.   Decided September 13, 1932

*England & Ritchie,* for appellant.

*H. B. Lee,* Attorney General, *R. Dennis Steed,* Assistant
Attorney General, for respondents.

WOODS, JUDGE:

Claimant, who lost the sight of both eyes while working in
a coal mine, was refused compensation on the ground that
the injury was due to his own wilful misconduct.

According to his testimony, claimant, on October 21, 1931,
was preparing to shoot down coal and while tamping the
powder back in the hole, it exploded in his face. The em-
ployer, however, after investigation, advanced the theory that
the accident was due to the use of a short fuse, basing the
same upon the condition of the working place after the acci-
dent and the discovery of three pieces of fuse in the vicinity
thereof. It appears from the evidence that an eight-inch
piece of fuse was found in a pair of claimant's trousers, which
he, upon going to work, had placed with his dinner pail,
powder bag, etc., some fifty feet from the face of the coal and
around the corner from where he was working; a coil of fuse
approximately five feet in length, under a rock near the dinner
pail; and a six-inch piece of burnt fuse, about fifteen feet
away from the place of the shot and in the string of slack
thrown out by the explosion. While claimant admitted having
the first two pieces of fuse in his possession, he denies knowl-
edge of the third, stating that it must have been left there by
men shooting slate and rock. He explained that the fuse in
his trouser's pocket had been there since the 9th or 10th of the
month; that he forgot to return it to the contractor (Hughes)
for whom he was working at that time; and that he did not
wear the trousers again because of their ragged condition,
until the day of the accident, when he put them on because
it was "kinda cold". As to the longer piece of fuse, claimant
testified that it had been hidden since the 14th, his last shift
on company work. It appears that during the period 7th to
14th claimant had been working under Hughes on company
work, and that Hughes had secured fuse from the mine fore-
man for use in shooting down rock and slate. Claimant

stated that on the morning of the accident he thought of the long piece of fuse and took it from its place of hiding (some 800 to 1000 feet distant) and placed it near his bucket and other belongings, for the purpose of returning it to Hughes, explaining that he had forgotten to turn it over to Hughes on the 16th and 17th, the only days, except that of the accident, he worked since finishing work under Hughes.

The record contains a stipulation that Charley Coffman, had he been present, would have testified that after the 10th day of October, 1931, Hughes permitted him and claimant to use fuse in shooting rock and that Hughes was loading coal and was not present on October 14th. Hughes, however, testified that he had directed Coffman on the 10th to shoot rock in a certain entry; that shortly thereafter he found the work unsatisfactory, and told Coffman it would not do and that he (Hughes) would shoot it himself thereafter; and that he didn't give them any more orders to shoot fuse; that he kept the fuse after that.

Recurring to the scene of the accident, a miner's cap was found under the coal and dust brought down by the shot, and in line with the burnt fuse. The tamping bar was bent at right angles, and the needle was found some distance away and around the corner from the place of the shot. Claimant admits that the needle was at the place indicated by witnesses for employer, explaining that he had put off one shot and it "failed to pull", and that he was not ready for the needle when the shot in question unexpectedly exploded. It was shown by testimony for the employer that such an accident could have resulted from the use of a short fuse.

Claimant admitted that the employer had a rule against the use of any kind of fuse in shooting down coal. He denies the use of fuse for that purpose. Fuse, however, subject to certain restrictions, was permitted to be used in shooting down slate and rock.

The position taken by the claimant is that he has shown an injury, and that the burden of showing wilful violation rests with the employer. In view of his own explanations, he contends that the circumstances are not sufficient to war-

rant a finding that he was using fuse in violation of the company's orders, at the time of his injury.

If claimant's explanation of his possession of the two pieces of live fuse were admitted, he might well contend that the employer had failed to establish a wilful violation of one of its rules regarding the use of fuse, for he would have been entitled to all favorable inferences arising from his story. *Goble* v. *Commissioner*, 111 W. Va. 404, 162 S. E. 314. But such is not the case. Claimant's story does not stand undisputed. Hughes' testimony contradicts and weakens it. The commissioner under the case made had a right to weigh claimant's explanations along with all the other circumstances. He has evidently seen fit to discredit claimant's story, and with the admitted possesion of fuse, unsatisfactorily accounted for, was warranted, in view of the physical facts surrounding the explosion, in finding that claimant was using a short fuse at the time of his injury. "A finding of fact by the State Compensation Commissioner based on substantial evidence, not at variance with a clear preponderance of the whole evidence, will not be disturbed on appeal." *Lacy* v. *Commissioner*, 106 W. Va. 555, 146 S. E. 375.

The ruling of the commissioner is accordingly affirmed.

*Affirmed.*