JAMES ANDREWS *v.* STATE COMPENSATION COMMISSIONER *et al.*

(No. 7444)

Submitted January 11, 1933.    Decided January 17, 1933.

*W. F. Keefer,* for appellant.

*H. B. Lee,* Attorney General, and *R. Dennis Steed,* Assistant
Attorney General, for respondents.

HATCHER, JUDGE:

James Andrews was refused workmen's compensation for
a fractured patella, and was granted this appeal.

Andrews was fireman for Hygrade Food Products Company
in the city of Wheeling. His regular employment commenced
daily at seven o'clock A. M., but on May 15, 1931, he came to
work at a few moments before six A. M. He gives as the
reason for coming so early that his foreman had instructed
him to come ahead of time and help get up the steam when-
ever hogs were being slaughtered, and that while he had no
information of hogs being slaughtered on that morning, he
came in time to help, if he were needed. He says upon his
arrival he went up to the fifth floor of the plant, where lock-
ers were provided for the employees, to change his clothes;
that while returning to the boiler room (on the first floor)
he slipped on the last flight of steps, injuring his right knee;
that he saw no one and unaided, hobbled and crawled back
up to the fifth floor, where Robert King, a fellow employee,

found him about half-past six. Andrews put his arms around King's shoulder and with that assistance returned to the first floor and reported his injury to a representative of his employer.

The "curing cellar" of the Products Company is two hundred feet from the boiler room and in a separate building. John P. Harpfer, foreman of that cellar, testifies that about twenty minutes after six, on the morning of May 15, 1931, he was in his office, which was about twenty feet from the stairs leading up from the cellar, when he heard something fall in the cellar, and looking around saw a man coming up the cellar stairs with his left hand on the railing and the other hand on his right knee. Harpfer said he did not know the name of the man then, but knew "he belonged in the plant somewhere"; that the man had no business whatever in the cellar and upon being asked (by Harpfer) what he was doing there, replied he was looking for a knife. Harpfer positively identified the man as Andrews.

Andrews denied being in the cellar the morning he was injured and denied the conversation with Harpfer.

If Andrews received his injury at a place remote from his zone of work and while roaming around out of work hours, intent on his own purpose, as testified by Harpfer, the injury is without the pale of the Compensation Act. The physician who treated Andrews was of opinion that he could not walk unaided, after receiving his injury. Counsel would make the point, based on that opinion, that the man seen by Harpfer could not have been Andrews. Counsel overlooks the evidence that the man on the cellar stairs was aiding himself by means of his left hand on the stair-railing. It is true that Harpfer said the man (after ascending the cellar stairs) "went out on the shipping floor". But Harpfer did not observe the man further after he started out on the shipping floor, and there is no evidence that the man did not support himself thence in some manner. The record discloses no reason why Harpfer's testimony should be discredited. Therefore, we cannot say the commissioner was wrong in preferring Harpfer to Andrews, and the ruling is affirmed. *Postlethwait* v. *Commissioner*, 106 W. Va. 57, 144 S. E. 717.

*Affirmed.*