VELVIE M. DAVIS *v.* STATE COMPENSATION COMMISSIONER

(No. 7592)

Submitted April 11, 1933.   Decided April 18, 1933.

*Everett F. Moore*, for appellant.

*Homer A. Holt*, Attorney General, and *Kenneth E. Hines*, Assistant Attorney General, for respondent.

WOODS, JUDGE:

Velvie M. Davis appeals from a finding of the compensation commissioner, after a statutory hearing, that the death of her husband, James E. Davis, on January 1, 1932, was not due to an injury received in the course of and resulting from his employment.

The claim is based on the theory that the hemorrhage causing death resulted from a strain received in the mine just before quitting time on the afternoon of December 21, 1931, while Davis and John McCave, a cousin or brother-in-law, were attempting to balance a six-ton motor on the track with a rail. McCave, who testified to the lifting, said that Davis remarked at the time that it made him blind and dizzy, and shortly thereafter, on the way out of the mine, that he didn't feel right. According to the claimant, Davis complained of not feeling good, on returning home that evening, and that he never left the house thereafter, except for a few minutes Christmas morning. A number of relatives, including the wife, testified that Davis had informed them that he had strained himself while in the mine. The day after Christmas a doctor was called. He diagnosed the condition at the time as influenza. The doctor returned on the 28th, and again on January 1st. On the latter date, he found his patient suffering from a "desperate condition of shock". A death certificate was executed on January 4th, in which the doctor attributed death to internal hemorrhage, and as the contributory cause of importance not related to principal cause, "lifting a car".

The company officials, so far as the record discloses, had no knowledge of the alleged injury until after Davis' death, when the father appeared and made a request that the alleged accident be reported to the compensation commissioner. McCave testified that the company office was closed at the time he and Davis left the mine. And while he stated, on preliminary investigation, that he saw the foreman at the mouth of the mine on December 21st, on the hearing, he denied seeing any of the company's representatives. The superintendent and two clerks deny that the office was closed at the time Davis came out of the mine, and give as a reason that a fire-run was made at 4:45 p. m. on December 21st, and that all the men had to be out prior to such run. The mine was closed down from the 22nd to the 27th, inclusive. There was evidence that Davis was away from home for a while and drinking on Christmas eve, although this is denied.

The doctor explained on the hearing that the statement "lifting mine car" was inserted in the death certificate on in-

formation of decedent's father. He stated that so far as he could recall no one informed him during any of his visits concerning the alleged accident, and that Davis was too sick to give a coherent answer. While the doctor admitted that a strain such as contended for by claimant could result in hemorrhage, he also stated on the preliminary investigation that it could have been caused by ulcer or bad whisky.

The position is taken on appeal that since there is no outright denial of the alleged injury, that such fact, if resolved in favor of claimant, is sufficient, when considered in the light of the other circumstances, to entitle claimant to compensation. But the commissioner is not bound to accept the injury as an established fact. He is entitled to consider the testimony in regard to the alleged injury in the light of the fact that no report of injury was made to either the company officials or to the doctor prior to death, together with all the other extenuating circumstances. It seems almost incredible that some one would not have advised the doctor on one of his visits regarding such alleged injury. The case, as we see it, is purely one of fact for the commissioner, and one which, under the facts, will not be disturbed. *Edwards* v. *Commissioner*, 112 W. Va. 504, 165 S. E. 669; *Watkins* v. *Commissioner*, 109 W. Va. 409, 157 S. E. 89; *Stepp* v. *Commissioner*, 108 W. Va. 422, 151 S. E. 318; *Martin* v. *Commissioner*, 107 W. Va. 583, 149 S. E. 824; *Poccardi* v. *Commissioner*, 79 W. Va. 684, 91 S. E. 663.

The finding of the commissioner is therefore affirmed.

*Affirmed.*