Fred E. Burleson

*v.*

State Workmen's Compensation Commissioner

*and*

Central Appalachian Coal Company

(No. 14523)

Decided October 23, 1979.

*Hostler & Shinaberry, Sterl F. Shinaberry* for appellant.

*Love, Wise, Robinson & Woodroe, M. Ann Bradley and Joseph S. Beeson* for appellee.

MILLER, JUSTICE:

Claimant, Fred E. Burleson, appeals an adverse decision of the Workmen's Compensation Appeal Board affirming the Workmen's Compensation Commissioner's order, which found occupational pneumoconiosis, but did not find an impairment of his capacity to work. In a recent case, *Kubachka v. State Workmen's Compensation Commissioner*, ___ W. Va. ___, S.E.2d (October 23, 1979), we held that a claimant cannot be denied disability benefits for occupational pneumoconiosis solely on the basis that there is no impairment of his capacity to work. The correct rule, as expressed in Syllabus Point 3 of *Kubachka*, is:

> "If a claimant has a measurable pulmonary impairment resulting from occupational pneumoconiosis, he is entitled to a permanent partial disability award as a consequence of such impairment."

The claimant argues that in addition to applying an erroneous standard for determining his right to permanent disability, the Occupational Pneumoconiosis Board has adopted, as evidenced by the testimony of one of its members,[1] the practice of disallowing an award unless a

---

[1]Cross-examination of Dr. Walker, a Board member, by claimant's counsel:

"Q Doctor, let me ask you this. What is the minimal amount of percentage that this Board recommends to anybody who suffers the effect of occupational pneumoconiosis?

"A The minimum amount of percentage that we feel that we can determine is 15%.

"Q Is there any reason why you don't go below the 15% figure?

"A Yes, sir, we feel that we cannot accurately pick that up.

"Q Upon what do you base the accuracy of the 15% figure as opposed to 14%?

"A Medical judgement, sir.

"Q Can you distinguish a 15% disability from a 16% disability?

"A No, sir.

"Q What is your next higher rung of disability, percentage?

"A About 20%, sir.

"Q Is there a significant change between a 15% disability and a 20% disability?

claimant can demonstrate a 15% permanent disability caused by occupational pneumoconiosis. On the other hand, the employer views the same testimony as demonstrating that the Board has adopted the practice of allowing a minimum 15% permanent partial disability award if the claimant has established any permanent disability attributable to the disease.

Both parties are in agreement that the Occupational Pneumoconiosis Board, for whatever reason, ·has set 15% as the lowest percentage of disability for occupational pneumoconiosis.

In *Kubachka*, we pointed out that:

> "[F]or purposes of a permanent disability rating, occupational pneumoconiosis is treated as any other injury. W. Va. Code, 23-4-1, states: 'For purposes of this chapter the terms "injury" and "personal injury" shall include occupational pneumoconiosis. . . .' Thus, from a medical standpoint, the disease must be given a disability rating commensurate with the usual standards for ascertaining the extent of permanent disability." [*Kubachka*, at 3]

While it may be difficult from a medical standpoint to calculate with mathematical precision the amount of permanent disability arising from the disease of occupational pneumoconiosis, this task is no more formidable than determining the degree of psychiatric disability, *Sisk v. State Workmen's Compensation Commissioner*, 153 W. Va. 461, 170 S.E.2d 20 (1969), or the disability arising from loss of sexual function, *Walk v. State Compensation Commissioner*, 134 W. Va. 223, 58 S.E.2d 791 (1950).

---

"A This is a close decision and there may be some confusion or differences of opinion among people who are knowledgeable in this field and even among Members of the Board at times, but I believe that most of the time we are in general agreement upon what constitutes a 15% and what constitutes 20%."

We have consistently recognized that where the injury is not covered by a specific disability schedule under W. Va. Code, 23-4-6(f), the Commissioner must determine the degree of disability based on the facts and circumstances of the evidence in each case. *Miles v. State Compensation Commissioner*, 136 W. Va. 183, 67 S.E.2d 34 (1951); *Stone v. Compensation Appeal Board*, 106 W. Va. 572, 146 S.E. 372 (1929).

There can be little doubt of the legislative command. Once the claimant has been found to have occupational pneumoconiosis with a measurable pulmonary impairment, he is entitled to a permanent partial disability award. Syllabus Point 3, *Kubachka v. State Workmen's Compensation Commissioner, supra.* We cannot determine from the record in the present case whether the Occupational Pneumoconiosis Board and the Commissioner have decided, as a matter of policy, that when a claimant is found to have occupational pneumoconiosis with some pulmonary disability, he is automatically entitled to 15% permanent partial disability, as the employer here contends; or whether the policy is that an award will not be made unless the claimant can show at least a 15% impairment. In either formulation, the policy is not in accord with the Workmen's Compensation Act, which requires that an award for occupational pneumoconiosis be gradated according to the degree of disability shown in the individual case. In *Haines v. Workmen's Compensation Commissioner*, 151 W. Va. 152, 157, 150 S.E.2d 883, 886 (1966), we stated: "[A]ny policy adopted and applied by the commissioner must conform to law."

By its 1978 amendment to W. Va. Code, 23-4-6a, the Legislature granted 20 weeks of compensation to a claimant with occupational pneumoconiosis without the necessity of proof of measurable pulmonary impairment. By doing so, it in effect gave a 5% permanent partial disability to such a claimant, since W. Va. Code, 23-4-6(e), provides four weeks' compensation for each percent of permanent disability. It would appear that the Legislature recognized that it may be medically impossible to

distinguish between occupational pneumoconiosis with no measurable pulmonary impairment and occupational pneumoconiosis evidenced by a minimally measurable impairment of between 0% and 5% disability. Consequently, the Commissioner and the Appeal Board could well establish 6% as the lowest percentage of measurable pulmonary impairment, since below this 6% level W. Va. Code, 23-4-6a, would apply. Beyond this demarcation, the Occupational Pneumoconiosis Board and the Commissioner must ascertain the percentage of permanent disability.

Under the rule in *Kubachka, supra,* an incorrect standard was applied in determining whether the claimant had any measurable pulmonary impairment caused by the disease of occupational pneumoconiosis, and therefore this case must be reversed and remanded.

*Reversed and remanded.*