No. 28,751.

WILLIAM HARVEY, *Appellee,* v. THE ELDRIDGE & MAJORS PACKING COMPANY, and J. J. MAJORS, an Individual doing business as THE J. J. MAJORS PACKING COMPANY, *Appellants.*

(278 Pac. 16.)

Opinion filed June 8, 1929.

*A. M. Etchen,* of Kansas City, for the appellants.

*David F. Carson* and *Carl W. Fincke,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one under the workmen's compensation law (act of 1911, R. S. 44-501 *et seq.* and amendments thereto). The plaintiff prevailed, and defendants appeal.

The facts were substantially as follows: The plaintiff was a butcher in the employ of defendants. He suffered an injury to the

ring finger and little finger of his right hand. He was opening a hitch on the carcass of a beef with a knife, stubbed the knife and drove it back through his hand. He was laid off for a week, but at the request of defendants returned to his employment the day following the injury.

The matter was submitted to an arbitrator, who found, among other things—

"There is no dispute between the parties as to the employee having been injured, but there is some dispute as to the date of his injury. There is no serious dispute as to the notice of the accident for the reason that the employee was immediately treated by a physician in the employ of either the insurance carrier or the employer. The only matter in controversy is the nature, character and extent of the injury. . . .

"All of the physicians were of the opinion that the little finger was injured to the extent that it was impossible for the employee to close the little finger in a normal manner; that is to say, that the little finger was slow in coming down, and the employee testified that very frequently, in the skinning or butchering of beef, that the little finger protruded in such a manner that it made the work difficult and substantially lessened his effectiveness as a butcher. On the whole the testimony shows that the employee has suffered a permanent partial incapacity. The testimony further shows that whatever improvement that could be expected had reached its terminus, and that the condition of the ring and little fingers would remain stationary except that the testimony indicated that a member of the body which had been partially destroyed or its ability to function had been impaired, that nature would reëducate such member so that the employee would be undergoing a change toward making better use of said injured member along reëducative lines. . . .

"The arbitrator is therefore of the fixed opinion:

"(1) That the employee received an injury, by accident, arising out of and in the course of his employment, while in the employ of the employer.

"(2) That the notice of the accident was immediately given to a foreman and that medical attention was given by a doctor employed by the employer or the insurance carrier, covering the employer.

"(3) That a claim for compensation was made within the statutory period, by the employee, and the employer paid compensation for a period of a few weeks.

"(4) That the employee has sustained a permanent, partial incapacity to the ring and little fingers of the right hand.

"The arbitrator therefore awards compensation as and for permanent partial disability at the rate of $6 per week from the 15th day of April, 1925, for a period of 415 weeks. The arbitrator finds that there is due and owing at the time of the filing of this award 173 weeks from the 15th day of April, 1925, up to the 22d day of August, 1928, making total due and owing from April, 1925, to August, 1928, the sum of $1,050, 175 weeks at $6 per week. . . .

"It is therefore adjudged and decreed, by the arbitrator, that the employee is entitled to recover of and from the employer, and the Maryland Casualty Company, the sum of $6 per week from April of 1925 to the 22d of August, 1928, or the sum of $1,050, to be paid in a lump sum, and the sum of $6

per week for a period of 230 weeks, making in all not to exceed 415 weeks, at the rate of $6 per week."

The defendants contend that the plaintiff was not entitled to compensation for the reason that his alleged injury did not disable him for a period of at least one week from earning full wages at which he was employed. They argue that under the facts and provisions of the statute (R. S. 44-528) it became the duty of the court upon review of the award to cancel and end the compensation because plaintiff returned to work for the same employer in whose employ he was injured, and for other employers, and continued to earn the same or higher wages than he did at the time of the injury. The contention cannot be sustained.

The plaintiff testified that he intended to lay off for a week and came back only because his employer was short-handed; and that he did most of his work with his left hand; that he did not do a full day's work and never has since he was hurt; that he is not working all the time; that his arm hurts him; that he did not go on his regular job.

"Q. Were you able to do a full day's work, and do the work you did before? A. Never. Not yet.

"Q. Are you yet able to? A. No, sir.

"Q. Can you handle a knife and do the work that you were doing before, as readily and without any inconvenience at all, like you did before? A. No, sir.

"Q. Why? A. Because my little finger is always in the way and I am always stubbing it. . . . And this next finger, if I stub a knife I have not got the strength to hold it back from slipping and hurting my hand."

In *Sauvain v. Battelle,* 100 Kan. 468, 164 Pac. 1086, it was said:

"Rule followed that a workman partially or totally incapacitated is not to be denied compensation on account of obtaining work even more remunerative which he has the physical ability to do." (Syl. ¶ 4.)

In *Dennis v. Cafferty,* 99 Kan. 810, 163 Pac. 461, it was held:

"The minimum of three dollars a week for partial disability is a sum fixed by the legislature with the general view and purpose of compensation, and is not to be withheld merely because in a given case before the expiration of the period of partial incapacity the workman has found other employment and is earning more wages than before the injury." (Syl. ¶ 4.)

See, also, *Gailey v. Manufacturing Co.,* 98 Kan. 53, 157 Pac. 431; *Raffaghelle v. Russell,* 103 Kan. 849, 176 Pac. 640; *Brewer v. Vinegar Hill Zinc Co.,* 119 Kan. 355, 239 Pac. 762.

We are of the opinion the court was justified in refusing to cancel the award. The judgment is affirmed.