WHEELING METAL AND MANUFACTURING COMPANY *v.*
WORKMEN'S COMPENSATION COMMISSIONER

(No. 8881)

Submitted February 8, 1939. Decided March 21, 1939.

156

*Blue, Dayton & Campbell* and *J. W. Rickey,* for appellant.

*Clarence W. Meadows,* Attorney General, *Marlyn Lugar,* Special Assistant Attorney General, and *Lloyd Arnold,* for appellee.

MAXWELL, JUDGE:

The Wheeling Metal & Manufacturing Company, a subscriber to the Workmen's Compensation Fund of this state, brings for review an award of permanent total disability to its employee, I. Lawrence Wood, by the Workmen's Compensation Commissioner and affirmed by the Appeal Board.

In 1912, the claimant, while working for the Metal Company, received an injury which resulted in the amputation of his right forearm about two inches below the elbow. After recovery from the amputation, he remained in the service of the same employer and in January, 1938, in the course of and resulting from his employment, he received a severe injury to his left hand. This injury necessitated the amputation in greater or less degree of the index, middle and ring fingers. Also, the injury resulted in serious impairment of the flexibility of his thumb and little finger. The employer makes the formal objection that this is not a case wherein total permanent disability resulted from the sum of the injuries.

Clearly the man is incapacitated from labor. That consideration should be controlling, rather than the sum of the statutory allowances of 50 per centum for loss of a forearm and of 20 to 25 per centum on account of impairment of the remaining hand. Therefore, we are of opinion that the Commissioner's finding of total disability, approved by the Appeal Board, was warranted, and should not be disturbed on this review.

The gravaman of this appeal involves the monetary charge made by the Commissioner against the employer on account of the total disability award to the claimant. By the Commissioner's order an entry of $4,000.00, representing the average cost of total disability cases in this class of employment, was made against the employer. The correctness of this charge is challenged by the employer and upheld by the Attorney General on behalf of the Commissioner.

The initial enactment of the Workmen's Compensation Law in this state was in 1913. The claimant having been injured in the preceding year, this case has the same general background of facts as the case of *McDaniel v. Workmen's Compensation Appeal Board,* 118 W. Va. 596, 191 S. E. 362, 364. That case involved a situation wherein an employee had lost his left arm while in the employment of a fuel company. After recuperation he continued in the same employment and in 1934, in the course of his work, received a serious injury to his right arm. We held that the fact of the prior injury should be taken into consideration in determining the basis of compensation incident to the subsequent injury. An allowance of thirty-seven per centum permanent disability was disapproved as inadequate and the case remanded for a new award to be made, taking into consideration the initial injury. In the opinion we said that "in the event of a permanent total disability award to the claimant, it would be manifestly unfair to charge this employer with the entire award, and that such a course would have a tendency to prevent the employment in industry of men who may be suffering from a physical defect due to some previous injury. * * * In the event of the payment to this claimant of a total permanent disability award, we believe that it would be proper for the Commissioner to consider, in arriving at the effect of his second injury upon the rating of his employer, that the 1934 injury was inflicted upon an unimpaired individual and to charge the employer's account accordingly. After that has been paid, the balance of the award made to the claimant

should be paid out of the general fund without specifically charging this employer therewith."

In urging that there be reconsideration of the quoted enunciation in the *McDaniel* case the Attorney General takes the position that it is not in conformity with Code, 23-2-4, which provides that in fatal cases and permanent disability cases the amount charged against the employer's account shall be such sum as is estimated to be the average cost of such cases to the fund. It is also insisted that the *McDaniel* case pronouncement is at variance with our holding in *Peerless Coal & Coke Company v. Compensation Com'r.,* 113 W. Va. 6, 166 S. E. 529, wherein we upheld average-cost charges against an employer in two fatal cases though there were no dependents to receive awards. The statute thus invoked by the Attorney General applies to fatal cases, and to total-impairment cases where there is no discernible contributing factor, and is not applicable to cases such as the *McDaniel* case or the case at bar, in each of which there was an early injury, non-compensable because it ante-dated the compensation law of the state, followed years later by a compensable injury. Believing, therefore, that what we said in the *McDaniel* case concerning the proper allocation of the burden of the award is not at variance with any statutory requirement, we are unwilling to accede to the proposition that our holding respecting allocation should now be disapproved. Therefore, we are of opinion that the Commissioner was in error in the instant case in placing on the employer the entire burden of the claimant's total disability award measured by the average cost in such matters. In conformity with the rule of the *McDaniel* case, the Commissioner should have charged against the employer such sum as would be proper if the second injury had been suffered by an unimpaired employee, and the residue of the award should be charged against the general fund of which the Commissioner has supervision, that is to say, any monies under his official control and at his disposal, and whether the same be withdrawn from the working fund or the surplus fund

(Code, 23-3-1) is a matter for decision by the Commissioner in the proper discharge of his office.

Our determination that it was error to charge the employer with the full amount of the total disability award gives approval to one of the assigned points of error. In addition to the foregoing proposition, the employer takes the position that it was error (a) to take into consideration, in fixing the amount of the award, the impaired condition of the claimant due to the accident of 1912; (b) to cumulate the effects of the two accidents, thus giving the claimant a higher rating of disability than the sum of the statutory ratings for the respective injuries; (c) to charge to the employer any part of the award attributable to disability arising from the accident of 1912, or brought about by cumulation of the two accidents. In conformity with these points of error, it is urged that where a maimed employee receives a later injury which, together with the prior impairment, renders the employee totally disabled, there should not be a total-disability award but a partial-disability award based solely on the later injury. Such is the holding of some of the courts. Illustrative: *Weaver* v. *Maxwell Motor Co.*, 186 Mich. 588, 152 N. W. 993, L. R. A. 1916B, 1276, Ann. Cas. 1917E, 238; *Colorado Fuel & Iron Company* v. *Industrial Commission*, 88 Colo. 573, 298 Pac. 955; *Lente* v. *Lucci*, 275 Pa. 217, 119 Atl. 132, 24 A. L. R. 1462; *Gilmore* v. *Lumbermen's Ass'n.* (Tex.), 292 S. W. 204. This position, however, has not met with the approval of the majority of the states wherein the question has arisen. See the case of *Congoleum Nairn* v. *Brown*, 158 Md. 285, 148 Atl. 220, 67 A. L. R. 780 and annotation. In the opinion in the *McDaniel* case, we took note of the fact that the courts have not been in unison on this troublesome question, but we therein alligned ourselves with what we considered the better reasoned line of cases— the majority line. We adhere to that view.

We recognize fully that any statutory enactment or judicial decision which would have the effect of placing on employers of previously injured men a burden wholly

disproportionate to the responsibility which attends the employment of unimpaired men, would probably have the unfortunate result of deterring employers from taking into their employment men who had received bodily impairment. Such consequence would, of course, create a greivous situation. However, in this state, in both enactment and decision effort has been made to guard against creating a condition which would prompt employers to discriminate against employees who had suffered some physical impairment. That thought was emphasized by this court in the *McDaniel* case. And then, too, the legislature has taken cognizance of the same matter. Section 9 (a), Article 4, Chapter 78 of the Acts of 1935, mentioned in the *McDaniel* case as not applicable therein, has been amended and supplemented. Acts of the Legislature of 1937, Chapter 104, Article 4, Section 9 (a) and 9 (b), Code, 1937, 23-4-9 (a) and 9 (b). Section 9 (a) provides that where an employee in the course of and resulting from his employment has suffered the loss, or loss of use of a hand, arm, foot, leg or eye, and receives in the course of and resulting from his subsequent employment by the same employer an injury resulting in total disability, the Commissioner in estimating the total cost of such permanent total disability "shall allow the subscriber credit on his account for the partial permanent disability already received." And that if such previously impaired employee receives a subsequent injury while in the employ of another employer "the cost of such total permanent disability shall be paid by the commissioner out of any funds in his hands and at his disposal, after charging to said last employer an amount equal to the partial permanent disability attributable to the last injury, independently of the pre-existing impairment." These two statutory provisions are applicable only where the prior injuries are of the class specifically enumerated, and where received in the course of and resulting from employment under the compensation statute. There having been no compensation statute in existence in the state prior to 1913, Section 9 (a) of the Acts of 1935 was not

applicable to the *McDaniel* case, where the first injury had occurred in 1903, nor is the amended Section 9 (a) of the 1937 re-enactment applicable to the instant case, the earlier injury having taken place in 1912.

So, in the McDaniel case this court, recognizing the legislative policy, made a decision which was deemed to afford full protection to the injured employee, and to safeguard the employer from hardship. In the instant case, for the reasons set forth in the McDaniel case and herein elaborated, we adopt the same basis of determination.

Section 9 (b) of Article 4, Chapter 104, Acts of 1937, Code 1937, 23-4-9 (b) provides that where an employee has a definitely ascertainable physical impairment originating otherwise than from an injury received in the course of and resulting from employment, such impairment and the effect thereof, and any aggravation thereof in case of subsequent injury to the employee, may be waived by him. If there is such waiver and there be a subsequent injury, the prior injury shall not be taken into consideration in fixing the amount of the subsequent impairment, and "compensation shall be awarded only in the amount that would have been allowable had such employee not had such pre-existing physical impairment." This section of the act became effective in June, 1937, which was about seven months before the employee received the stated injury to his left hand. Within the seven-months period the employee did not sign a waiver and, so far as the record discloses, no waiver was requested of him by the employer. The question has arisen whether, in this case, an effective waiver might have been required by the employer and executed by the employee. We think such would have been proper bcause, in the very nature of things, the qualifying phrase, "originating otherwise than from an injury received in the course of and resulting from employment", must be taken to include a prior impairment which originated from a noncompensable injury. There could be no possible difference in the situation whether the prior injury had been

received in employment or otherwise, if non-compensable. Of course, an injury received before the enactment of the initial compensation act of this state was not compensable. The interpretation indicated seems necessary in the light of the fact that the purpose of this section is to facilitate the obtaining of employment by persons not physically whole, and who do not come within the purview of Section 9 (a). But the employer herein is not being subjected to any penalty on account of there having been no waiver by the employee, because, under the rule of the *McDaniel* case, here invoked, the employer is to be charged on account of the subsequent injury the same amount as if the latter injury had been "inflicted upon an unimpaired individual." The only difference which the waiver would have made is that there could not then have been an award of total disability, and consequently the general compensation fund would have been relieved of the burden attendant upon the margin of difference between the amount charged to the employer on account of the later injury and the amount that will ultimately have to be paid to the claimant under the total-disability rating.

For the reasons above set forth we affirm the action of the Appeal Board and the Commissioner in making a total permanent disability award to the claimant, but we reverse that portion of the Commissioner's order, affirmed by the Appeal Board, which makes a charge of $4,000.00 against the employer on account of the award to the claimant. We remand the case for further proceedings in accord with the principles stated in this opinion.

*Affirmed in part; reversed in part; remanded.*