GAY COAL & COKE COMPANY *v.* WORKMEN'S COMPENSATION COMMISSIONER

(No. 8873)

Submitted January 31, 1939. Decided March 23, 1939.

*Charles L. Estep,* for appellant.

*Clarence W. Meadows,* Attorney General, *Marlyn Lugar,* Special Assistant Attorney General, and *Ira P. Hager,* for appellee.

MAXWELL, JUDGE:

From a finding by the Compensation Appeal Board of permanent total disability in favor of Howard Shepherd, claimant, Gay Coal & Coke Company, employer, prosecutes this appeal.

August 10, 1931, the claimant suffered an injury to his right leg necessitating amputation about two inches above the knee, for which he was awarded fifty per centum permanent disability. Before the expiration of the payment of that award, osteomyelitis developed in the remaining portion of the right thigh and spread to the left forearm, requiring bone surgery of the radius and incisions of the elbow for purpose of drainage. The latter operations have resulted in permanent deformity of the left forearm and wrist, with almost complete fixation

of the wrist joint, and limited strength and use of the hand.

Upon the development of osteomyelitis of the left arm and attendant results, the Compensation Commissioner on September 11, 1935, awarded additional compensation on the basis of eighty per centum permanent disability.

Early in January, 1938, claimant experienced a reactivation of the osteomyelitis of the left forearm. After treatment for about two weeks the condition subsided. On January 20, 1938, claimant filed with the Commissioner his petition, and medical reports in support thereof, alleging that he was permanently and totally disabled. The Commissioner granted the prayer of the petitioner and awarded compensation on that basis. On protest by the Company and subsequent hearing, the Commissioner vacated his last order and determined that with the eighty per centum award, claimant had been amply compensated. The Appeal Board reversed the final order of the Commissioner and reinstated his former finding of total permanent disability. It is to this action of the Appeal Board that the Company directs its complaint.

The evidence of the employer at the hearing was that the claimant returned to work in February, 1935, and has continued in its employment, with little or no interruption, from that date to the time of the hearing in April, 1938, in charge of the Company's lamp house; that he has earned on an average of $100.00 per month for that period; that claimant's duties required him to fill the lamps with liquid, electrically charge them, and check them to and from the other employees.

The medical evidence proves conclusively that the claimant has little use of his left arm; that a slight bruise or strain thereto would probably bring about a recurrence of the osteomyelitis; that the condition of the arm is such that a serious reappearance of this infection would necessitate surgical treatment, perhaps to the extent of amputation, and there would be a strong likeli-

hood that osteomyelitis would spread to other members of the body.

Claimant testified in addition that he works with difficulty owing to impairment of his arm; that he continually suffers some pain in his leg and arm; and occasionally found it necessary to secure someone to assist him.

That the claimant, from a physical standpoint, is permanently and totally disabled from performing manual labor as it is usually classified, and of the character which he had ordinarily performed prior to the injury, is well supported by the evidence.

We have held that the sum of statutory percentages of disability for loss of specific members of the body is not conclusive in determination of total permanent disability. *Wheeling Metal & Manufacturing Co.* v. *Compensation Com'r.*, 121 W. Va. 155, 2 S. E. (2d) 252. But if it were necessary to adopt as controlling herein the statutory schedule of disability ratings, it would appear therefrom that the rating for loss of a thigh is fifty per centum, and for loss of a forearm fifty-five per centum. Code 1937, 23-4-6 (d). Though claimant's arm has not been severed, his loss of physical efficiency on account of the impairment of the arm is not far different from what the situation would be if the arm had been severed. Further, the statute provides that the loss of one hand and one foot shall be conclusively presumed to be total in character. Code 1937, 23-4-6 (j). Consideration of these provisions emphasizes the correctness of the finding of the Appeal Board respecting disability.

But the employer takes the position that inasmuch as claimant has received steady employment at regular wages for approximately three years following the injury, the claim of total permanent disability cannot be sustained.

To the proposition thus asserted we do not subscribe. "Under our Act, the purpose of which is to compensate the employee for impairment of his physical efficiency, the fact that one, who has been injured, is thereafter employed at the same work, or at the same or higher

wages, is not alone controlling on the issue of the percentage of permanent disability suffered by such person." *Ashworth* v. *Compensation Com'r.*, 117 W. Va. 73, 77, 183 S. E. 912, 914.

This court has held that an employee's right to compensation on a permanent partial disability rating is not defeated by his returning to work and earning wages equal to that received prior to the injury. *Johnson* v. *Comp. Com'r.*, 109 W. Va. 316, 154 S. E. 766. Consonant: *Harvey* v. *Eldridge & Majors Packing Co.*, 128 Kans. 403, 278 Pac. 16; *Gailey* v. *Peet Bros. Mfg. Co.*, 98 Kans. 53, 157 Pac. 431; *Clark* v. *Kennebec Journal Co.*, 120 Me. 133, 113 Atl. 51; *Mercury Aviation Co.* v. *Industrial Accident Commission*, 186 Cal. 375, 199 Pac. 508; *Foley* v. *Detroit United Ry.*, 190 Mich. 507, 157 N. W. 45; *Jones* v. *Southern Advance Bag & Paper Co.* (La.), 157 So. 754.

On authority and principle, we see no justification for the application of a different conclusion where the employee is entitled to a rating of permanent total disability. Courts of many other jurisdictions share this view. Consult: *Kinyon* v. *Kinyon*, 230 Mo. App. 623, 71 S. W. (2d) 78; *Roller* v. *Warren*, 98 Vt. 514, 129 Atl. 168; *In Re Septimo*, 219 Mass. 430, 107 N. E. 63; *Superior Smokeless Coal & Mining Co.* v. *Bishop*, 85 Okla. 204, 205 Pac. 497; *Harry Tidd Const. Co.* v. *Mead*, 163 Okla. 64, 20 Pac. (2d) 909; *Beal* v. *El Dorado Refining Co.*, 132 Kans. 666, 296 Pac. 723; *Sauvain* v. *Battelle*, 100 Kans. 468, 164 Pac. 1086.

The fact that an injured employee continues to work for the same employer at lighter employment and receives wages therefor does not prevent him from receiving a total and permanent disability rating, unless the lighter employment is such as would ordinarily be available to a person in the same situation. *McDaniel* v. *Compensation Appeal Board*, 118 W. Va. 596, 601, 191 S. E. 362, 365.

We are of opinion that the work which the claimant performs is not of a character which would usually be available to a person in his impaired condition, and, though he is temporarily employed, his employment does

not prejudice his right to a total permanent disability rating.

On the principles set forth, we affirm the ruling of the Appeal Board.

*Affirmed.*