ELIJAH HARDIN *v.* STATE COMPENSATION COMMISSIONER *et al.*

(No. 9614)

Submitted September 6, 1944. Decided September 19, 1944.

*Otis E. St. Clair,* for appellants.
*Patrick J. Flanagan,* for appellee.

FOX, JUDGE:

The claimant, an employee of the Koppers Coal Division, Eastern Gas and Fuel Associates, suffered an injury to his right hand on the 26th day of June, 1942, in the course

of his employment. The principal injury was to his middle finger, although the ring and small fingers were probably injured to a lesser degree. As a result the middle finger was amputated through the middle of the second metacarpal bone. Previous to this injury claimant had suffered a non-industrial accident during World War I, the result of which was that his right index finger was amputated through the middle of the second metacarpal bone. When claimant became an employee of the coal company, he did not execute the waiver provided for in Code, 23-4-9 (b). Claimant was first examined by Dr. Bracey, who suggested the granting of three and a half per cent permanent partial disability, based on what he explained was equivalent to one-half loss of his middle finger. Acting on this suggestion, the compensation commissioner awarded claimant a four per cent permanent partial disability, on April 15, 1943. Claimant, becoming dissatisfied with this award, requested a reopening of his claim in October, 1943, and in support of his request filed a report of an examination made by Dr. Wetherby. Dr. Wetherby went into some detail in explaining the nature of the injuries to the three fingers as he found them, and concluded his report with the following statement: "It is now nearly sixteen months since this accident, so it is probably that no more improvement can be expected. It is my opinion that his right hand is partially and permanently disabled to the amount of 33 1/3%, and he should be entitled to that amount less that due for the loss of the right index finger, which was a previous accident." Later the claim was referred by the commissioner to Dr. Easley, who made a report, the concluding paragraph of which reads: "It is my impression that this man is suffering from 5% permanent partial disability as a result of this injury on June 26, 1942; that he is suffering 12% result of injury received in World War I; that as a whole he is suffering from 17% as a result of all injuries." The commissioner granted an additional one per cent permanent partial disability, making a total of five per cent. The claimant protested this award and a hearing was had, and on March 3, 1944,

the previous award was affirmed. This order was appealed to the Workmen's Compensation Appeal Board, and that body entered an order on April 8, 1944, holding that claimant was entitled to a rating of thirty-three and one-third per cent permanent partial disability, and the case was remanded to the compensation commissioner "to pay the claimant on the 33 1/3% permanent partial disability and to charge him with the 5% previously awarded and paid". From this order we granted this appeal.

The only evidence in the record which in any wise justifies the order of the Compensation Appeal Board is the statement of Dr. Wetherby. Claimant, and we assume the appeal board, construes this statement as a finding that claimant had suffered a permanent partial disability to the extent of thirty-three and one-third per cent. We cannot give the statement that interpretation. It plainly says that "his right hand is partially and permanently disabled in the amount of 33 1/3%". This is quite different from saying that he suffered a bodily and permanent disability to that extent. The compensation provided for total loss of a hand is fifty per cent, and if the hand is one-third disabled, it follows that proper compensation would be one-third of fifty per cent. Giving the statement of Dr. Wetherby the interpretation we think called for, there is no substantial conflict as between the two physicians who reported on this accident when the case was reopened, because Dr. Easley says that the claimant was suffering a seventeen per cent disability for all of his injuries. There is not, in our opinion, any evidence to sustain the finding of the appeal board.

Both physicians and the commissioner seem to have proceeded on the theory that the former injury, the loss of the index finger, could not be taken into consideration, and if that course be followed the award of five per cent made by the commissioner would be in line with what both physicians find to be the extent of the recent injury. We are of the opinion, however, that the holding of this Court in *McDaniel* v. *Workmen's Compensation Appeal Board,* 118 W. Va. 596, 191 S. E. 362, requires a finding in

this case that the prior loss of the index finger should have been taken into consideration. It is clear, of course, that the loss of that finger made much greater the disability occasioned by the recent injury and the partial loss of the middle finger. There being no waiver of the former injury, the holding in the *McDaniel* case should be applied here, and, construing the testimony most favorably to the claimant, the result is that he is entitled to a disability rating not in excess of seventeen per cent. In any award of compensation, credit should be given for the amount heretofore paid.

The order of the Workmen's Compensation Appeal Board is reversed, and the case is remanded to that board for further action not inconsistent with our holding herein.

*Reversed and remanded.*