STEWART A. BOSTIC

v.

STATE COMPENSATION COMMISSIONER, AND MERCHANTS STORAGE COMPANY

(No. 10860)

Submitted January 9, 1957. Decided February 12, 1957.

*H. D. Rollins,* for appellant. No appearance for appellee.

GIVEN, JUDGE:

This appeal is from an order of the Workmen's Compensation Appeal Board entered October 15, 1956, affirming an order of the State Compensation Commissioner, refusing to reopen the claim of the employee, Stewart A. Bostic. Prior to March 15, 1956, the employee had been granted certain disability ratings totaling fifty per cent. On that date he was granted an additional rating, resulting in a sixty per cent partial permanent disability award. The last payment of that award was made May 5, 1956. No question of either law or fact is raised as to the correctness of such award.

On July 12, 1956, the employee filed with the State Compensation Commissioner a petition alleging that the employee had, in 1927, suffered an injury while working

as an employee of an employer within the meaning of the Workmen's Compensation Law of New Jersey and had been granted, in accordance with the New Jersey law, disability benefits on a partial permanent disability rating of thirty per cent. He further alleges that the injuries suffered in the State of New Jersey "are and amount to what would be considered a partial permanent disability of thirty per cent under the Workmen's Compensation Laws of the State of West Virginia". On the basis of the sixty per cent partial permanent disability rating and the thirty per cent partial permanent disability rating, amounting to more than eighty five percent, he now contends that he is entitled to a total permanent disability rating in accordance with the provisions of Code, 23-4-6, as amended. That section provides in part, that: "For a disability of eighty-five to one hundred per cent, sixty-six and two-thirds per cent of the average weekly earnings" shall be paid to the employee "during the remainder of life". Is the State Compensation Commissioner, under West Virginia statutes, required to consider and appraise the disability of the employee which he suffered in New Jersey?

Apparently, one of the reasons for the refusal of the reopening of the claim, prayed for in the petition, was based on a contention that the petition was not timely presented. The theory on which the refusal was based seems to be that the injury of the employee, which occurred in New Jersey, was an "obvious one which any examiner would discover", and claim therefor not having been made prior to the granting of the sixty per cent award, and that award having been accepted by the employee, the petition was not timely presented. It may be pointed out, however, that under the allegations of the petition, claimant had no right to or basis for a claim of a total permanent disability award until after the granting of the sixty per cent award.

Code, 23-4-16, as amended, provides that: "The power and jurisdiction of the commissioner over each case shall be continuing and he may from time to time, after

due notice to the employer, make such modifications or changes with respect to former findings or orders as may be justified". The continuing jurisdiction is, by the same section, limited in "nonfatal" injury cases to proceedings wherein application is made within "one year after the commissioner shall have made the last payment in any permanent disability case". As above pointed out, the sixty per cent award was made March 15, 1956, and the petition for the reopening was tendered July 12, 1956. Clearly, therefore, the petition was timely presented to the State Compensation Commissioner.

Code, 23-5-1a, as amended, dealing further with the power of the commissioner after the filing of such a claim, provides that "* * * the commissioner shall, after due notice to the employer, make such modifications or changes with respect to former findings or orders in such claim as may be justified * * *". Section 1b of the same article provides that where the commissioner finds that an application for further adjustment of such a claim "* * * fails to disclose a progression or aggravation in the claimant's condition, or some other fact or facts which were not theretofore considered * * * the commissioner shall * * * notify the claimant and the employer that such application fails to establish a prima facie cause for reopening the claim * * *". The significance of this provision is that the prima facie showing necessary to require a reopening does not always depend on a showing of a "progression or aggravation", but may depend on "some other fact or facts". In the instant proceeding, "other fact or facts", not theretofore considered by the commissioner, which, if true, would entitle claimant to greater benefits, are alleged in the petition for the reopening of the claim.

Code, 23-3-1, as amended, requires that "Ten per cent of all that shall hereafter be paid into the workmen's compensation fund * * * shall be set aside for the creation of a surplus fund * * * to cover the catastrophe hazard, the second injury hazard, and all losses not otherwise specifically provided for in this chapter". The same sec-

tion contains this provision relating to the "second injury hazard": "If an employee who has a definitely ascertainable physical impairment, caused by a previous injury, irrespective of its compensability, becomes permanently and totally disabled through the combined effect of such previous injury and a second injury received in the course of and as a result of his employment, the employer shall be chargeable only for the compensation payable for such second injury: Provided, however, that in addition to such compensation, and after the completion of the payments therefor, the employee shall be paid the remainder of the compensation that would be due for permanent total disability out of a special reserve of the surplus fund known as the second injury reserve, created in the manner hereinbefore set forth." The same section also makes an employer who elects to "carry his own risk", liable to an employee "who has a definitely ascertainable physical impairment caused by a previous injury, irrespective of its compensability, and becomes permanently and totally disabled from the combined effect of such previous injury and a second injury * * *". Thus, it appears that the Legislature has attempted to require payment of benefits to employees totally and permanently disabled, whether the employer be a subscriber to the fund, or one who has elected to "carry his own risk", where the last injury was "received in the course of and as a result of his employment".

In *Hardin* v. *State Compensation Commissioner*, 127 W. Va. 56, 31 S. E. 2d 436, this Court held: "In the absence of the waiver provided for in Code, 23-4-9 (b), the Compensation Commissioner in determining the permanent disability of a claimant under the Workmen's Compensation Act, should take into consideration a prior non-industrial injury suffered by him, where such former injury is of such a nature as magnifies the disability resulting from the injury for which compensation is claimed." Since the decision in that case, Code, 23-4-9 (b) has been amended, the provision relating to a "waiver" has been eliminated, and employers have been relieved from liability as to an employee who has a definitely as-

certainable physical impairment originating as set forth in that section. By the terms of that section, however, it is made inapplicable where "injury results in total permanent disability".

Though not precisely in point, of help is the holding in *McDaniel* v. *Workmen's Compensation Appeal Board*, 118 W. Va. 596, 191 S. E. 362: "In determining the permanent disability of a claimant under the Workmen's Compensation Act, the fact that the claimant had lost an arm prior to the injury upon which the claim rests should be taken into consideration". See *Wheeling Metal and Manufacturing Co.* v. *Workmen's Compensation Commissioner*, 121 W. Va. 155, 2 S. E. 2d 252; *Lockhart* v. *State Compensation Commissioner*, 115 W. Va. 144, 174 S. E. 780.

Our consideration of the pertinent statutory provisions, and cases cited, leads us to the conclusion that the claimant, if he satisfactorily establishes the essential allegations of his petition tendered for filing, would be entitled to a total permanent disability rating. The last employer of claimant would not, however, be chargeable with any amount in excess of the final award based on the injury which occurred in the course of and as a result of the last employment.

Code, 23-4-6, as amended, provides that certain "permanent disabilities shall be conclusively presumed to be total in character". Neither the injury alleged to have been suffered by claimant in New Jersey, nor the combined injuries, fall within the classes of injuries so defined. The section further provides that: "In all other cases permanent disability shall be determined by the commissioner in accordance with the facts in the case, and award made in accordance with the provisions of subdivision (c)". This, we think, makes it the duty of the commissioner to appraise anew the injuries of claimant suffered in New Jersey for the purpose of determining whether the New Jersey injuries, measured by the pertinent provisions of the West Virginia statutes, plus the

sixty per cent award, constitute at least an eighty five per cent permanent disability.

The order of the Workmen's Compensation Appeal Board complained of is reversed and the proceeding is remanded to the State Compensation Commissioner for further proceedings, in accordance with the views herein stated.

*Reversed; remanded.*