# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 21, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BETTY J. NEASE,**
**Claimant Below, Petitioner**

**vs.)    No. 11-1570**  (BOR Appeal No. 2045760)
                        (Claim No. 2008027701)

**MORGANS RESTAURANTS**
**OF WEST VIRGINIA, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Betty J. Nease, by William Gallagher, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Morgans Restaurants of West Virginia, Inc., by T. Jonathan Cook, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 18, 2011, in which the Board reversed a March 11, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's October 7, 2010, decision denying Ms. Nease's request to reopen her claim for further consideration of temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Ms. Nease injured her lower back on January 3, 2008, when she slipped and fell, and the claim was held compensable for lumbar sprain. The claim was initially closed for temporary total disability benefits on April 6, 2009. On July 12, 2010, Dr. DeNunzio signed a reopening application for temporary total disability benefits and listed the diagnoses of lumbar strain and

1

thoracic or lumbosacral neuritis or radiculitis. On October 7, 2010, the claims administrator denied Ms. Nease's request to reopen her claim.

In its Order reversing the decision of the Office of Judges and reinstating the claims administrator's decision rejecting Ms. Nease's reopening application, the Board of Review held that Ms. Nease has failed to demonstrate that she suffered a progression or aggravation of her compensable injury, or that facts exist which have not been previously considered. Ms. Nease disputes this finding and asserts that the evidence of record contains facts which have not been previously considered.

In its Order, the Board of Review pointed to *Bostic v. State Compensation Com'r*, 142 W. Va. 484, 96 S.E.2d 481, Syl. Pt. 1 (1957), in which this Court stated that if an application for reopening "discloses facts not theretofore considered by the commissioner, and which if true, would entitle claimant to further benefits, the claimant is entitled to have his claim reopened, and to have a determination of the matters alleged in the application." The Board of Review found that the evidence of record does not establish that there are facts which have not been previously considered. The Board of Review further found that in the reopening application, Dr. DeNunzio indicated that Ms. Nease's current diagnosis includes thoracic or lumbosacral neuritis or radiculitis, but that the compensability of that diagnosis was denied in a September 9, 2010, Board of Review Order. However, on February 24, 2012, in Memorandum Decision number 101312, this Court reversed the Board of Review's September 9, 2010, decision and found that Ms. Nease's medical records contain evidence of neurogenic changes, and remanded the claim for further determination as to whether radiculopathy should be added as a compensable component. In light of this Court's prior decision, combined with Dr. DeNunzio's reopening request, it appears that there are facts contained in the record which have not been previously considered. Based upon this Court's holding in *Bostic*, the claim should be reopened for further consideration of temporary total disability benefits.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed and the claim is remanded with instructions to reinstate the March 11, 2011, Office of Judges' Order which reopened the claim for further consideration of temporary total disability benefits.

Reversed and remanded.

**ISSUED:   October 21, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II