# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
November 7, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**WILLIAM L. HARRISON JR.,**
**Claimant Below, Petitioner**

**vs.)   No. 12-0217**  (BOR Appeal No. 2046349)
(Claim No. 2006065656)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**AMERICAN METER SOFTWARE CORPORATION,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner William L. Harrison Jr., by Robert M. Williams, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Jon H. Snyder, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 24, 2012, in which the Board reversed an August 25, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's January 13, 2011, decision denying Mr. Harrison's request to have his claim reopened for an additional permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Harrison was a plant worker and construction installation supervisor for American Meter Software Corporation for twenty-seven years. During this time he was exposed to the hazards of inhaling small particles of dust and fibers which caused or perceptibly aggravated his occupational pneumoconiosis. Based on x-rays, physical examinations, and ventilator studies, on July 12, 2007, the Occupational Pneumoconiosis Board found that Mr. Harrison had 10% pulmonary impairment. Mr. Harrison was granted a 10% permanent partial disability award based on the Occupational Pneumoconiosis Board's recommendation. But on September 30, 2010, another pulmonary function study was performed by Baptist Pulmonary Associates which revealed higher levels of impairment than the prior testing. Mr. Harrison submitted a request to have his claim reopened for an additional permanent partial disability award based the pulmonary function testing. On February 28, 2011, Baptist Pulmonary Associates issued a second pulmonary function study which also revealed higher pulmonary impairment levels. But the claims administrator denied Mr. Harrison's request for reopening, pointing out that the two studies did not meet the validity criteria set forth in West Virginia Code of State Rules § 85-20-52.9 (2006). The Office of Judges reversed the claims administrator's decision on August 25, 2011, and granted Mr. Harrison's request for reopening. But the Board of Review reversed the Order of the Office of Judges and reinstated the claims administrator's decision on January 13, 2011, leading Mr. Harrison to appeal.

The Office of Judges concluded that Mr. Harrison had made a prima facie showing of an aggravation or a progression of his permanent pulmonary impairment. The Office of Judges found that the September 30, 2010, and February 28, 2011, pulmonary function studies showed a prima facie case for reopening. The Office of Judges found that West Virginia Code § 85-20-52.9 did not apply in this case.

The Board of Review reversed the Order of the Office of Judges. The Board of Review concluded that there was insufficient medical documentation to meet the test for reopening set out in *Bostic v. State Compensation Commissioner*, 142 W. Va. 484, 96 S.E.2d 481 (1957) and *Harper v. State Workmen's Compensation Commissioner*, 160 W. Va. 364, 234 S.E.2d 779 (1977). The Board of Review found that the two pulmonary function tests from Baptist Pulmonary Associates were not enough to justify reopening the claim because neither study met the requirements for pulmonary testing under West Virginia Code of State Rules § 85-20-52.9. The Board of Review found that the testing did not include tracing, that the results exceeded the values shown in West Virginia Code of State Rules § 85-20-A (2006), and there was no physician's report included with the report of the study.

We agree with the conclusions and findings of the Board of Review. Mr. Harrison has not presented any evidence that tends to show a progression or aggravation of his compensable injury because the pulmonary function tests that serve as the basis for his reopening request did not comply with the testing requirements of West Virginia Code of State Rules § 85-20-52.9 and should not be relied on to justify reopening. West Virginia Code of State Rules § 85-20-52.9 requires that the instruments used for pulmonary testing include tracings in order to determine whether the subject performed the test properly. The regulation establishes a mandatory minimum of three tracings. Since neither pulmonary study performed by Baptist Pulmonary

Associates provided the required tracings, the tests cannot be considered. None of the evidence Mr. Harrison has provided tends to show that his compensable injury has progressed.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 7, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum