## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
November 12, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BGS CONSTRUCTION, INC.,**
**Employer Below, Petitioner**

**vs.)   No. 13-1058**  (BOR Appeal No. 2048158)
                    (Claim No. 2009051415)

**MARVIN MILLS,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner BGS Construction, Inc., by Timothy Huffman, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Marvin Mills, by Otis Mann Jr., his attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 20, 2013, in which the Board reversed a January 31, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 22, 2011, decision denying Mr. Mills's request to reopen his claim for further consideration of his eligibility for permanent total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Mills has requested that his claim be reopened for further consideration of permanent total disability benefits. On June 18, 1985, Mr. Mills signed a memorandum of agreement with the North Carolina Industrial Commission accepting a 10% permanent partial disability award for an injury to his right thumb sustained while he was employed in the State of North Carolina. On October 9, 1989, Mr. Mills signed a memorandum of agreement with the North Carolina Industrial Commission accepting a 50% permanent partial disability award for an injury to his

1

left hand sustained while he was employed in the State of North Carolina. On March 28, 1995, Mr. Mills signed a memorandum of agreement with the Virginia Workers' Compensation Commission accepting a 25% permanent partial disability award for an injury to his left eye sustained while he was employed in the Commonwealth of Virginia. On March 8, 2012, Mr. Mills was deposed and testified that he received an 11% permanent partial disability award for a February 18, 2007, back injury sustained while employed in the State of West Virginia. He further testified that he received a 2% permanent partial disability award for a July 14, 2008, right elbow injury sustained while employed in the State of West Virginia.

The claims administrator denied Mr. Mills's request to reopen his claim for further consideration of permanent total disability benefits based on a finding that he has not been awarded a total of 50% in prior permanent partial disability awards for injuries sustained in the State of West Virginia. In its Order affirming the claims administrator's decision, the Office of Judges held that Mr. Mills has not amassed 50% in prior permanent partial disability awards, as is required for further consideration of permanent total disability benefits pursuant to West Virginia Code § 23-4-6(n)(1) (2005), because he has not been awarded 50% in prior permanent partial disability awards for injuries sustained in the State of West Virginia. The Board of Review reversed the Order of the Office of Judges and remanded the claim to the claims administrator for further consideration. The Board of Review held that Mr. Mills's permanent partial disability awards received in the State of North Carolina and the Commonwealth of Virginia should be considered when determining whether or not he has met the statutory threshold required for further consideration of permanent total disability benefits contained in West Virginia Code § 23-4-6(n)(1), but found that the issue has not yet been fully developed by the claims administrator.

The Office of Judges concluded that only awards received for injuries sustained in the State of West Virginia should be considered when determining whether a claimant has met the statutory threshold necessary for further consideration of permanent total disability benefits contained in West Virginia Code § 23-4-6(n)(1), and determined that Mr. Mills has failed to meet the requisite threshold because he has only received a total of 13% in prior permanent partial disability awards for injuries sustained in the State of West Virginia. In its Order reversing the Office of Judges' decision, the Board of Review noted that West Virginia Code § 23-4-6(n)(1) does not contain any language specifying that only permanent partial disability benefits awarded for injuries sustained in the State of West Virginia can be considered when determining whether a claimant has met the statutory threshold necessary for further consideration of permanent total disability benefits pursuant to West Virginia Code § 23-4-6(n)(1). The Board of Review then looked to this Court's decision in *Bostic v. State Compensation Com'r,* 142 W.Va. 484, 96 S.E.2d 781 (1957), where the claimant sought to have injuries sustained in the course of his employment in the State of New Jersey taken into consideration when determining his eligibility for permanent total disability benefits. In *Bostic,* this Court instructed the Insurance Commissioner to "appraise anew" the injuries sustained in the State of New Jersey in accordance with pertinent statutory provisions governing workers' compensation claims in the State of West Virginia for the purpose of determining the claimant's eligibility for permanent total disability benefits. Id. at 489, 484. Based on the language contained in West Virginia Code § 23-4-6(n)(1) and this Court's decision in *Bostic*, the Board of

Review concluded that prior awards from other jurisdictions must be taken into consideration when determining whether a claimant has met the statutory threshold necessary for further consideration of permanent total disability benefits contained in West Virginia Code § 23-4-6(n)(1) and remanded the claim to the claims administrator for further consideration.

We agree with the Board of Review's reasoning and conclusion that the claim should be remanded to the claims administrator because further development of the evidentiary record, and therefore further consideration of the claim, is necessary. The claims administrator shall then issue a decision regarding the ability to evaluate the injuries sustained by Mr. Mills in the State of North Carolina and the Commonwealth of Virginia in accordance with pertinent statutory provisions relating to workers' compensation in the State of West Virginia, and shall then issue a decision determining whether or not Mr. Mills has amassed 50% in prior permanent partial disability awards as is necessary for further consideration of permanent total disability benefits pursuant to West Virginia Code § 23-4-6(n)(1).

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  November 12, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II