**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**VERONICA MYLES,**
**Claimant Below, Petitioner**

**FILED**

November 1, 2019
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 18-0947** (BOR Appeal No. 2052941)
            (Claim No. 2009074390)

**WEST VIRGINIA UNITED HEALTH SYSTEM**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Veronica Myles, by Counsel J. Thomas Greene Jr., appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). West Virginia United Health System, by Counsel Lisa Warner Hunter, filed a timely response.

The issue on appeal is the reopening of the claim on a permanent partial disability basis. On July 19, 2016, the claims administrator denied reopening of the claim. The Workers Compensation Office of Judges ("Office of Judges"), reversed the claims administrator's decision and reopened the claim on a permanent partial disability basis by Order dated May 11, 2018. This appeal arises from the Board of Review's Order dated September 26, 2018, in which the Board of Review reversed and vacated the decision of the Office of Judges. The Board of Review determined that Ms. Myles is not entitled to reopening of her claim on a permanent partial disability basis. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Myles sustained an injury at work on January 11, 2009, when she was struck in the face with a telemetry unit by a patient. As a result of the injury, she developed headaches. She was treated by Lori Stahara, PA-C, for her symptoms on June 17, 2011. She was eventually diagnosed with chronic post-traumatic headaches.

1

On August 11, 2011, Ms. Myles was examined by Prasadarao B. Mukkamala, M.D., for an independent medical evaluation. Dr. Mukkamala diagnosed her with a contusion of the face, scalp and neck. He opined that she reached maximum medical improvement and concluded that she could and should have returned to work by January 31, 2009. Dr. Mukkamala further concluded that she does not require any additional treatment except for palliative medical management, which includes the medical management of her headaches. For her headaches resulting from the compensable injury, Dr. Mukkamala recommended 3% whole person impairment. By Order dated September 12, 2011, the claims administrator granted Ms. Myles a 3% permanent partial disability award based upon Dr. Mukkamala's report. Although Ms. Myles protested the claims administrator's decision, the Office of Judges affirmed the 3% award on September 27, 2012, and found that she was not entitled to a greater permanent partial disability award.

Ms. Myles underwent an independent medical evaluation by Karl C. Boone, D.C., on March 31, 2016. Dr. Boone diagnosed post-traumatic headaches and chronic migraines without aura. He noted that Ms. Myles previously received a 3% permanent partial disability award for her persistent headaches. Dr. Boone did not believe that her cervical spine complaints were seriously addressed in the record. He noted that a cervical spine MRI showed some degree of cervical disc involvement. Dr. Boone stated that there was sufficient force to injure Ms. Myles's cervical spine either from blunt trauma to the head or the subsequent fall to the floor. He recommended physical therapy with hopes of improving her headache patterns and to wean her off of some of her medications. On April 8, 2016, Ms. Myles requested to reopen her claim for permanent partial disability benefits.

Ms. Myles was once again referred to Dr. Mukkamala for an independent medical evaluation, which was conducted on May 18, 2016. Dr. Mukkamala noted that he had previously examined Ms. Myles and concluded that she had reached her maximum degree of medical improvement with 3% whole person impairment for her compensable injury and post-traumatic headaches. Dr. Mukkamala opined that she did not have any additional impairment that was causally related to the compensable injury. He noted that her headaches are multifactorial with relation to causation. Initially, the headaches were at least partially related to the compensable injury. However, Dr. Mukkamala opined that the current symptoms and headaches are mostly causally related to noncompensable issues such as cervical spondylosis. Dr. Mukkamala stated that it is possible that cervical spondylosis contributes to headaches; however, he noted that her cervical spondylosis is naturally occurring and not causally related to the compensable injury. The claims administrator issued an Order on July 19, 2016, granting no additional permanent partial disability award based upon the independent medical evaluation by Dr. Mukkamala. Ms. Myles protested the claims administrator's decision and argued that her claim should have been reopened.

For purposes of obtaining a reopening of a workers' compensation claim under the provisions of West Virginia Code § 23-5-1a and § 23-5-1b, a claimant must show a *prima facie* cause, which means nothing more than any evidence which would tend to justify, but not compel, the inference that there has been a progression or aggravation of the former injury. *Harper v. State Workmen's Compensation Comm'r*, 160 W. Va. 364, 364, 234 S.E.2d 779, 783 (1977). Where an injured employee makes application in writing for further adjustment to the claim, and the application discloses facts not theretofore considered by the commissioner, and which if true,

would entitle the claimant to further benefits, the claimant is entitled to have the claim reopened, and to have a determination of the matters alleged in the application. *Bostic v. State Compensation Comm'r*, 142 W. Va. 484, 96 S.E.2d 481 (1957).

The Office of Judges found that the March 31, 2016, report from Dr. Boone establishes a fact not previously considered in the claim. Dr. Boone was of the opinion that, at the time of the injury, there was sufficient force to injure the cervical spine, which could be a cause of Ms. Myles's headaches. The Office of Judges reversed the claims administrator's July 19, 2016, denial of the request to reopen the claim on a permanent partial disability basis. West Virginia United Health System protested the decision.

The Board of Review reversed and vacated the Order of the Office of Judges dated May 11, 2018. The Board of Review found the Office of Judges's analysis and conclusions to be clearly wrong in light of the reliable, probative and substantial evidence on the whole record. The Board of Review disagreed with the reasoning that the cervical spine issues are new facts that were not previously considered because Dr. Mukkamala noted, in his report dated August 11, 2011, that he found normal cervical range of motion, and no paracervical muscle spasm or tenderness. The Board of Review also stated that Ms. Myles had been diagnosed with cervical spine tension headaches, degenerative disc disease of the cervical spine, and cervicalgia, prior to the injury in the claim. Given the evidence of record, the Board of Review concluded that Ms. Myles has not met the test for reopening found in *Bostic* or *Harper*.

After review, we agree with the decision of the Board of Review. Although Dr. Boone opined that there was sufficient force at the time of the injury to injure Ms. Myles's cervical spine and that her headaches could be the result of her cervical spine, the Board of Review did not conclude that Ms. Myles met the test for reopening of her claim because cervical spine issues are not new facts previously unconsidered. The Board of Review reasoned that Dr. Mukkamala determined that Ms. Myles was fully compensated by her prior 3% permanent partial disability award for headaches and her cervical spondylosis that Dr. Boone indicated might be contributing to her was headaches was naturally occurring and not causally related to her compensable injury. The Board of Review did not err in reversing the May 11, 2018, decision of the Office of Judges because there is no evidence of record supporting additional impairment above the 3% permanent partial disability award already granted in the claim.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning and conclusions, there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 1, 2019**

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

**DISSENTING:**
Justice Margaret L. Workman