# CHARLESTON.

RAY SOLE, BY ETC. v. SAMUEL KINDELBERGER.

Submitted September 26, 1922.     Decided October 3, 1922.

1   MASTER AND SERVANT—*One Dismantling Building of Less Than Three Stories Held an "Employer," and His Workman "Employees," Within Compensation Act.*

One who dismantles or reconstructs buildings of less than three stories in height, and engages workmen for that purpose is an "employer," and his workmen are "employees," as defined by sec. 9 chap. 15P Code (Workmen's Compensa-

tion Act) and both are subject to the provisions of that chapter. (p. 605).

2. SAME—*Structural Work on Buildings of Three or Less Stories Within Compensation Act.*

    Sub-division (V) of that chapter, which classifies and places in a schedule with other industries, "structural work on buildings over three stories in height, not otherwise specified," does not exempt structural work on buildings of three or less stories in height from the operation of that chapter. (p. 605.)

Error to Circuit Court, Ohio County.

Action by Ray Sole against Samuel Kindelberger. From an order setting aside the verdict of the jury and awarding defendant a new trial, plaintiff brings error.

<em>Reversed.</em> ·

*W. L. Bradshaw* and *A. E. Bryant,* for plaintiff in error.

LIVELY, JUDGE:

Plaintiff prosecutes this writ of error from an order of the circuit court entered February 25, 1922, setting aside the verdict of the jury and awarding defendant a new trial.

The action is for damages for personal injuries received by plaintiff while employed by defendant as a structural iron worker. Defendant was engaged in dismantling a building known as the Benwood Brewery Company's brewery, a three-story building, and had employed various workmen for that purpose, among whom was plaintiff, Ray Sole. Defendant had not elected to protect himself and his employees under the provisions of the Workman's Compensation Act. When the injury occurred a heavy tank was being lowered from one of the upper stories by means of what is known as a "crab" on which there appeared to be a defective collar which was known to be defective by defendant's foreman, and possibly by plaintiff. This collar broke causing one of the cog wheels to come out of gear and revolve so rapidly as to cause a breaking of one of the gear wheels from which a piece of metal was forcibly ejected striking plaintiff's leg causing a serious permanent injury. The case was tried on the theory that defendant was not entitled to his common

law defenses, the fellow-servant rule; assumption of risk; and contributory negligence, because he had failed to comply with the requirements of the workmen's compensation act. The jury returned a verdict of $8500.00 in favor of plaintiff, which was set aside and a new trial awarded on the ground that defendant's business and plaintiff's employment did not fall within the provisions and operation of the workmen's compensation law, because the brewery building was not over three stories in height.

The instructions given to the jury by the court do not appear in the record.

We have the one question before us; does structural work on buildings under three stories in height fall within the provisions of the workmens compensation law, chap. 15P Code 1918? Upon reference to the title of the act creating the law we find it was enacted for the purpose (among other things) of providing a fund and a method for compensation to employees that may be injured, or the dependents of those killed in the course of their employment; to fix the rights of employees and employers; and for defining the classes of employers and employees who may bring themselves under the act. By section 9: "Employers and employees subject to act; election.—All persons, firms, associations and corporations regularly employing other persons for profit, or for the purpose of carrying on any form of industry or business in this state, (casual employment excepted), are employers within the meaning of this act, and subject to its provisions. All persons in the service of employers as herein defined, and employed by them for the purpose of carrying on the industry or business in which they are engaged, (casual employment excepted), are employees within the meaning of this act, and subject to the provisions hereof; *provided,* that this act shall not apply to employers of employees in domestic or agricultural service, persons prohibited by law from being employed, traveling salesmen, to employees of any employer who are employed wholly without this state; nor shall a member of a firm of employers, or any officer of an association, or of a corpora-

tion employer, including managers, superintendents, assistant managers, or assistant superintendents, be deemed an employee within the meaning of this act.''

In this section we find a definition of the employers and employees subject to the operation of the act, with the exceptions enumerated. By no stretch of the imagination can the business of carrying on structural work on any building be exempted from the operation of the act under this section which is the only one which attempts to define the employers and employees who are designed to be covered. Sec. 18 classifies the industries that may be subject to the act, and divides them into schedules placing those of equal degree of hazard in the same schedule, and empowers the commissioner to fix rates of premium on the industries in each schedule so as to provide and maintain a solvent compensation fund. The commissioner may re-classify into schedules the industries subject to the act, and create new schedules based upon the respective degrees of hazard of the employer as shown upon the books of the commissioner for a period of 12 months prior to the time of such sub-division or classification. In sub-division (v) of Sec. 18 we find a schedule which includes ''Construction of tunnels, shafts, bridges, * * * cupolas or chimneys not more than 50 feet high * * * * and *structural work on buildings over three stories in height, not otherwise specified*, and drilling oil wells.'' It is this section as above set out on which the ruling of the court, in setting aside the verdict, is based. It is interpreted to mean that structural work on buildnigs three stories high or less, does not come under the act. As above observed, Sec. 18 attempts only to classify the industries according to their degree of hazard for the purposes of fixing rates of premium to be paid by them. The power of reclassification in the commissioner by which an employer may be placed in a schedule which pays a lower rate is an incentive to each employer to conduct his business in such manner as will prevent accidents to his employees and thus lower his rate of premium. The section does not make exemptions of industries, employers or employees from the operation of the act.

In the next sub-division (W) of Sec. 18 we find a schedule of industries in which "structural work not otherwise included" is classified with "construction and installation of sewers" and various other industries. The degree of hazard in structural work on buildings over three stories high, is different (possibly greater) than like work on buildings three and less stories in height; and that is the whole significance of Sec. 18 with reference to structural work on buildings. Sub-division (V) puts structural work on buildings over three stories high in one schedule and all other structural work is placed in another schedule in sub-section (W). Sec. 18 in no way creates an exception to the employers and employees defined in Sec. 9 of the act.

Compensation acts being highly remedial in character, though in derogation of the common law, should be liberally and broadly construed to effect their beneficent purpose, *State ex rel. Duluth* v. *District Court,* 129 Minn. 176, 151 N. W. 912. All of the states which have passed compensation acts follow this rule of construction. Honold on Work. Comps., Sec. 6. If there was any ambiguity in the portions of our act which have been under consideration this rule would be invoked; but we consider the language so plain in the sections noticed that it does not need the application of any rule, except that very wise one which is to the effect that "There is no safer or better settled canon of interpretation than that when language is clear and unambiguous it must be held to mean what it plainly expresses." Lewis Sutherland Stat. Con., Sec. 367.

We have concluded from this record that defendant was an employer within the meaning of the workmen's compensation act, and subject to its provisions. This being the only question presented by this record, it follows that the order of the lower court setting aside the verdict is reversed, the verdict re-instated, and judgment thereon here rendered.

*Reversed.*