## CHARLESTON.

G. A. CALDWELL *v.* WORKMEN'S COMPENSATION COMMISSIONER

(No. 6298)

Submitted September 5, 1928.   Decided September 11, 1928.

*Robert E. White,* for appellant.

*Howard B. Lee,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for commissioner.

HATCHER, JUDGE:

Caldwell was an employee of Island Creek Coal Company, and seeks compensation for disability which he claims was the result of an injury received while so employed. The compensation commissioner found that the evidence was insufficient to establish that the injury caused the disability.

The injury upon which Caldwell bases his claim was described by him on June 23, 1927, to F. T. Burnham, an inspector of the Compensation Department, as follows: "We were unloading a Jeffrey drill off the truck, had raised it up about two feet, when the other boy slipped on some loose coal throwing all the weight on my left leg right above my knee, if my overalls had not been greasy it would have broken my leg. It bruised my leg and pained me a good deal, but I worked on and finished the night shift; and have not worked none since. * * * I believe that I waited until the 9th or 10th of April before calling Dr. Van Hoose in. * * * I thought that I was going to be able to go back to work and not be bothered by a doctor. * * * All the pain was in my knee, there was no swelling there, and that was why I thought I would be able to work in a few days." On February 27, 1928, Caldwell attempted to strengthen his claim by his own affidavit in which he states that the drill *fell on his leg,* and by the affidavit of a fellow workman, D. L. White, to the effect that both White and the drill fell on Caldwell's leg, and that the combined weight of White and the drill was *seven hundred pounds.* The affidavits are entitled to little consideration, however, as it is hardly reasonable that so great a weight should have dropped two feet on Caldwell's leg and made only a superficial bruise. Dr. Van Hoose states that he found nothing at the time he examined Caldwell to account for the pain complained of, and advised him to go to a hospital. Caldwell entered the Holden Hospital on April 30th, where he was found to have an abscess above his left knee at the site of an old gun shot wound. An X-ray showed a number of shot still embedded in the soft parts of his leg and against the femur. An operation was performed May 11th, and Caldwell was discharged from the hospital on June 8th, though his knee was still draining. Dr. Lyons writing for the hos-

pital states that the abscess was the result of the old gun shot wound, and that it is "merely possible" that the injury at the mine "set up the abscess." Dr. Van Hoose gives as his opinion: "The present trouble may have been aggravated by the blow from the drill, but the trouble primarily is an old one." Caldwell states that he received the gun shot wound twelve years ago, and that since his recovery from the wound it had occasioned him no loss of time from his work. Dr. Van Hoose, however, in referring to the wounding of Caldwell, states that he "has had intermittent trouble since that time."

In The Practice of Surgery, a standard treatise by Dr. Russell Howard, an abscess is defined as a local collection of pus in the body, which is caused by one of the pyogenic organisms. The organism may become embedded in the tissues in several ways, one of which is by means of a wound (page 71). In this case the evidence points to the entry of the organism into the tissue at the time of the gunshot wound. Dr. Howard says: "Foreign bodies may remain for years in the tissues without causing the least inconvenience, but at any time infection by micro-organisms may ensue and an abscess form." (Page 63). If infection in such case may ensue *at any time,* then the formation of a subcutaneous abscess certainly does not depend on and has no necessary connection with a superficial bruise. In connection with Dr. Howard's book I have also examined Johnson's Surgical Diagnosis and Gould and Pile's Cyclopedia of Medicine and Surgery (both of which are accepted as standard works by the medical profession) and find no reference to a bruise as causing or as fomenting an abscess in the tissues of the body. The opinion in *Poccardi* v. *Commission,* 75 W. Va. 542 (545) states as a sound legal proposition "that evidence giving rise to inferences consistent with the theory of liability and inconsistent therewith in equal degree is insufficient." It would seem here that the inference that the bruise and the abscess are merely a coincidence is far more reasonable than the inference that the one caused the other. Neither Dr. Van Hoose nor Dr. Lyons subscribe to the theory that the bruise caused the abscess. They admit *a mere possibility* that the abscess

was "aggravated" or "set up" by the injury at the mine. Why should we as laymen go beyond the opinion of the physicians and expand that possibility into a probability? We have heretofore held that the finding of a commissioner in such case should be treated as the finding of a judge and as the verdict of a jury. *Poccardi* v. *Commissioner,* 79 W. Va. 684. We are thoroughly committed to the rule that such finding or verdict should not be reversed in this court, unless we can say that it is *plainly* wrong. I cannot see how a "merely possible" inference can establish any conclusion as plainly right or plainly wrong. I am therefore of opinion that this Court should go no further than to direct the commissioner to permit Caldwell to present additional evidence if he so desires, as was done in *Foughty* v. *Commissioner,* 80 W. Va. 88, a case where the evidence was held insufficient.

The majority of the Court is of opinion, however, that it may be reasonably inferred from the evidence that the bruise brought about a condition which permitted or which favored the formation of the abscess. Under *Poccardi* v. *Commission, supra,* Caldwell is entitled to the benefit of any reasonable inference in his favor. An order will accordingly be entered requiring the commissioner to ascertain and to pay to Caldwell a proper compensation for his disability.

*Reversed, with directions.*

LIVELY, PRESIDENT, (concurring) :

The facts are not in dispute. Caldwell had been shot in the leg many years before, and the leaden pellets were still embedded near the bone. He had worked steadily until the accidental injury. The pain following the injury (and there is no question under the evidence that he was injured by the drill) caused him to cease work. The reasonable inference from these undisputed facts is that the injury aggravated the gunshot wound, and caused him to lose time from his work, and therefore he is entitled to compensation. As stated in the opinion Caldwell is entitled to reasonable inferences in his favor from undisputed facts. That the old gunshot wound contributed to the loss of time from labor, is not suf-

ficient to bar all compensation under the Workmen's Compensation Act.

MAXWELL, JUDGE, (concurring):

The Workmen's Compensation Act, being remedial, should not be strictly construed, but a spirit of liberality should be employed in its interpretation. *McVey* v. *Telephone Co.,* 103 W. Va. 519; *Sole* v. *Kindelberger,* 91 W. Va. 603; *Bamber* v. *City of Norfolk,* 138 Va. 26, 121 S. E. 564; 28 R. C. L., p. 755 and cases cited. Our own statute provides that "the commissioner shall not be bound by the usual common law or statutory rules of evidence, * * *" Code, Chapter 15P, section 44. Thus is recognized in the law itself its non-technical purpose and operation.

An employee is certainly none the less entitled to compensation because he is unfortunate enough to carry on his body the effects of a former or primary injury, even though a later injury, being the one for which he seeks compensation, would not have been so serious but for the lingering effects of the former. Elliott's Workmen's Compensation Acts, p. 13; *Schroetke* v. *Jackson-Church Co.,* 193 Mich. 616; *Uhl* v. *Guarantee Construction Co.,* 161 N. Y. Supplement 659.

WOODS, JUDGE:

I join in the views expressed in the concurring notes filed by JUDGES LIVELY and MAXWELL.