OLLIE LOCKHART, *Widow, etc. v.* STATE COMPENSATION
COMMISSIONER *et al.*

(No. 7931)

Submitted May 15, 1934. Decided May 29, 1934.

*England & Ritchie,* for appellant.

*Homer A. Holt,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for respondents.

KENNA, JUDGE:

The widow of P. W. Lockhart appeals from an order of the State Compensation Commissioner, after hearing, declining to award compensation for the death of P. W. Lockhart while in the employ of the Matheny Motor Truck Company of Parkersburg.

Lockhart was shop foreman for the truck company and had been for six or seven years. As a part of his em-

ployment, he painted vehicles with a "spray gun" when there were no painters available. On April 17, 1932, Lockhart painted a truck and was engaged in doing so for perhaps five hours, not finishing until approximately eleven o'clock in the evening. He began to be sick while he was actually doing the painting, and the following day (April 18, 1932) a physician was called. Lockhart exhibited the symptoms of paint poisoning; his body was covered by a rash, he was running a temperature and was suffering from nausea and cramps. He improved under treatment, the rash cleared and it began to look as though he would recover. Sometime toward the middle of May, he began to develop a localized infection in his ankle. From this, an inflammation extended, involving the tissues of his leg, which finally invaded the blood stream so that on June 20, 1932, Lockhart died from an acute septicemia.

The proof shows death directly due to an infection having its origin in the ankle and caused by some form of bacteria that manifested itself first at that point. Lockhart had had an injury to the same ankle a number of years prior to his death, and since the injury it had been what may be generally referred to as a "weak ankle". His body bore no abrasions nor other indication that the infection from which he died was of local origin. The medical testimony is to the effect that the paint poisoning was not the direct cause of Lockhart's death, but that there was a causal connection between the paint poisoning and his death, inasmuch as it was due to the weakened and debilitated condition of his system, brought about by the paint poisoning, that the bacteria causing his death became active in his system and at the end dominated.

We are of the opinion that had death been due directly to the paint poisoning, there would be little question as to the compensability. Under the proof, as it appears in the record before us, there is little room to doubt but that Lockhart contracted the paint poisoning due to the specific exposure while painting the truck on April 17th. That being so, we do not believe that his condition could be classed as a non-compensable occupational disease.

We believe that it comes within the principle laid down in the cases of *Conley* v. *Compensation Commissioner,* 107 W. Va. 546, 149 S. E. 666, and *Bosworth* v. *Metropolitan Life Insurance Company,* 114 W. Va. 663, 173 S. E. 780.

Notwithstanding, however, the fact that the paint poisoning was not the direct cause of death, we believe that the uncontradicted proof in this record makes out a prima facie case of compensability. A stronger showing would be greatly desired, since the sole source from which this conclusion can be reached is the opinion evidence of two medical experts, and nothing more. It seems apparent, though, that this is the only type of evidence that could be produced to deal with the question. From it, it appears that Lockhart would not have died, and indeed might not have suffered at all, from the infection, had it not been for his weakened and debilitated condition directly traceable to the paint poisoning and directly due to his employment. The infection came before his complete recovery from the paint poisoning and its effects. We believe, therefore, that there is a clear preponderance in favor of direct causal connection between the paint poisoning and death, upon the present state of this record. It would seem that where death ensues because the injury has rendered the human system a minus quantity in resistance to infection, the causal connection is as direct as though due to a plus quantity, the injury itself.

Since, however, the commissioner's ruling was on the basis of the insufficiency of the claimant's proof, and, therefore, that it is likely that the commissioner has not developed the case fully from all essential viewpoints, we are of the opinion that an unqualified award of compensation should not be ordered at this time. The order of the commissioner refusing to award compensation will therefore be reversed and the case remanded to the commissioner for further development, and for such action as the commissioner shall deem proper thereafter, not inconsistent with the principles herein laid down.

*Reversed and remanded.*