JAMES GILBERT *v.* STATE COMPENSATION COMMISSIONER, *et al.*

(No. 8840)

Submitted January 11, 1939. Decided January 24, 1939.

*McKee & McKee,* for appellant.

*Clarence W. Meadows,* Attorney General, and *Marlyn E. Lugar,* Special Assistant Attorney General, for appellee.

RILEY, JUDGE:

James Gilbert complains of an action of the Workmen's Compensation Appeal Board sustaining the commissioner's finding that the disability for which compensation is sought was not due to injury received in the course of and resulting from employment.

Claimant, 37 years of age, had been in the employ of the Toledo Grain and Milling Company for approximately two years. His work consisted principally of unloading and handling sacks of feed and grain weighing one hundred to one hundred twenty pounds apiece. About three o'clock, P. M., on the day of the disability, while lifting

a sack of grain, he felt a severe chest pain in the region of his heart. He immediately became short of breath, coughed violently, and was unable to continue work. His condition grew worse. During the evening he was taken to a doctor, who testified that he found claimant to be in a dying condition. The fluroscope showed an inch and one-half dilatation of the left side of the heart. As a result of absolute rest and medical treatment, continuing over a period of several months, the dilatation completely disappeared. There were no heart lesions. It was an acute dilatation. Claimant, according to the doctor, has fully recovered, but has been admonished to refrain from heavy work in the future.

Was the dilatation an "injury" within the meaning of the Compensation Act?

Claimant and a brother, who was present at the time of the lifting, both testify to the effect that the former had been in good health prior to the disability. No testimony to the contrary appears in the record. It is the theory of claimant that the dilatation was precipitated by the lifting of a particular sack of grain. It was then that he felt a pain over his heart. Claimant is supported by his brother, who testified to the fact that the former complained of pain, and thereafter, was unable to do any work. Dr. E. M. Phillips of Wheeling, who treated claimant, was the only medical witness in the case. His testimony, as we read it, is to the effect that the dilatation of claimant's heart was the result of a "little unusual lift" or strain due to work on the particular day. His conclusion was based, in part, on the fact that there was no heart lesion. In his own language, "it couldn't have been (attributable to) anything else than the extreme exertion. I don't know that he worked harder that day than he was in the habit of working or not, but possibly he had. * * * When he makes possibly a little unusual lift it snaps, that's all. These things happen quickly, they happen suddenly. * * * The first unusual exertion he put forth he was ready for it."

Claimant's disability, shown by the record to be the result of a definite, isolated, fortuitous occurrence, was a "personal injury" within the meaning of the Act. Code, 23-4-1. In this State, it is "well settled * * * that disease that is attributable to a specific and definite event arising in the course of and resulting from the employment is compensable." *Montgomery* v. *Compensation Commissioner,* 116 W. Va. 44, 178 S. E. 425, 426. See generally: *Conley* v. *Compensation Commissioner,* 107 W. Va. 546, 149 S. E. 666; *Archibald* v. *Compensation Commissioner,* 77 W. Va. 448, 87 S. E. 791, L. R. A. 1916D, 1013; *Lockhart* v. *Compensation Commissioner,* 115 W. Va. 144, 174 S. E. 780; *Jones* v. *Rhinehart & Dennis,* 113 W. Va. 414, 420, 423, 168 S. E. 482.

The instant case differs materially from that of *Martin* v. *Commissioner,* 107 W. Va. 583, 149 S. E. 824. In the last-mentioned case, the commissioner, on a conflict of evidence, found Martin's death due to chronic heart disease, and further that it was the ordinary and not unusual labor which he was performing. In the instant case, we have a young man, 37 years of age, in good health. In the lifting of a particular sack he suffered severe pain and thereby was rendered unable to do further work. There is no evidence, lay or medical, of a chronic heart condition, as in *Martin* v. *Commissioner, supra.* On the contrary, the fact that claimant fully recovered is clearly indicative that he had had no pre-existing heart ailment. The total temporary disability here was due to an acute dilatation of a normal heart.

For the foregoing reasons, we reverse the rulings of the Appeal Board and the Compensation Commissioner, and direct the payment to claimant of compensation in the amount to which he is entitled.

*Reversed with directions.*