PHYLLIS E. KELLER, *Widow*
*of Raymond L. Keller*

*v.*

STATE WORKMEN'S COMPENSATION COMMISSIONER
*and* FRITO-LAY, INC.

(No. 13347)

Submitted May 1, 1973.          Decided June 19, 1973.

*James, Wise, Robinson & Magnuson, E. Glenn Robinson, David M. Flannery,* for appellant.

No appearance for appellees.

SPROUSE, JUDGE:

This is an appeal by the claimant, Phyllis E. Keller, widow of Raymond L. Keller, from a January 29, 1973, final order of the Workmen's Compensation Appeal Board affirming the State Workmen's Compensation

Commissioner's order which denied the claimant's application for dependent benefits.

The Appeal Board ruled that, while the decedent had incurred a compensable injury to his back in the course of his employment, this injury did not cause his death. The sole question presented for decision is whether the injury which the claimant's decedent sustained had a sufficient causal connection with his death to render the claim for dependent benefits compensable under the provisions of Chapter 23, Article 4, Section 10 of Code, 1931, as amended.

The claimant's decedent was employed as a District Sales Manager of Frito-Lay, Inc., and on January 19, 1971, during the course of his employment suffered an injury to his back while installing display racks for his employer. He was in some discomfort thereafter, but continued to work until February 12, 1971, when he was examined by Dr. E. H. Heilman. The deceased related a history of back injury to Dr. Heilman. He stated that he suffered pain in his back while lifting racks on January 19, 1971. Following an examination of the decedent, Dr. Heilman advised strict bed rest and medication for pain. However, because of increased pain, the patient was admitted to the hospital on February 16, 1971. Upon his discharge on February 27, 1971, he was referred to Dr. Rank O. Dawson. Dr. Dawson operated on the decedent on March 19, 1971, and found a large tumor in the mid-abdomen region. The biopsy report revealed the tumor to be malignant. The deceased died on April 26, 1971, in New York City while under the care of Dr. Daniel G. Miller, a cancer specialist.

The record contains the testimony of several witnesses who corroborated the fact that the decedent suffered the injury to his back during the course of his employment on January 19, 1971. It is unnecessary, however, to discuss this evidence inasmuch as the Workmen's Compensation Appeal Board concluded that the back injury was work-connected and this ruling is not contested. The

Appeal Board found, however, that the work-related injury was not the cause of death.

The only medical evidence admitted into the record was presented by the claimant and consists of two reports from Dr. Heilman and two reports from Dr. Miller. Dr. Heilman's reports merely disclosed the work-related injury, and his first report indicated pain in the dorsal spine possibly due to a sprain in the spine. Dr. Miller in his first report concluded that: "the immediate cause of Mr. Keller's death was massive gastrointestinal bleeding due to metastatic malignant melanoma invading the gastrointestinal tract. It can be stated with reasonable certainty that the malignant melanoma predated the January 19, 1971, episode. In a patient with disseminated intra-abdominal carcinoma, any injury such as the one Mr. Keller sustained might be considered an aggravating episode sufficient to precipitate or to hasten the onset of a complication, however inevitable that complication might be."

In Dr. Miller's second report, he stated: "In my opinion, there is no question but that the back injury which the late Mr. Raymond L. Keller received on January 19, 1971 accelerated the course of his intra-abdominal malignant melanoma with its attendant gastrointestinal bleeding, and thus, did hasten the onset of Mr. Keller's death."

Although this evidence is brief, there is no testimony or other documents contradicting the statements of either Dr. Heilman or Dr. Miller. It is, of course, fundamental that where there is a causal connection between an injury received by an employee in the course of and resulting from his employment and his death, the claim for compensation by the widow is compensable. *Evans v. State Compensation Director*, 150 W.Va. 161, 144 S.E.2d 663; *Vankirk v. State Compensation Commissioner*, 144 W.Va. 447, 108 S.E.2d 567.

This Court, however, has never decided the compensability of a death which would have resulted

inevitably from a pre-existing disease but which death was hastened by a compensable injury.

It was decided in *Lockhart v. State Compensation Commissioner*, 115 W.Va. 144, 174 S.E. 780, that the death of an employee was compensable where the injury produced a weakened condition but for which death would not have occurred at the time. The employee there became affected with paint poisoning during the course of his employment and died as a result of the reaction of the paint poisoning affecting a pre-existing condition in his ankle. The *Lockhart* case, of course, is distinguishable from the case at hand in that there the employee would not have died but for the work-related disease. In the instant case, it is undisputed that the employee would have died inevitably from the carcinomatous condition.

*Manning v. State Compensation Commissioner*, 124 W.Va. 620, 626, 22 S.E.2d 299, 302, held that:

> "We are clearly committed to the principle that an employee who has the misfortune to be the victim of disease at the time not disabling, and who receives an injury in the course of and resulting from his employment, by which the disease is aggravated or accelerated to the extent of causing *earlier* or more extended disability than would have ensued without the injury, is entitled to compensation." (Italics supplied.)

See also *Hall v. State Compensation Commissioner*, 110 W.Va. 551, 159 S.E. 516; *Caldwell v. Workmen's Compensation Commissioner*, 106 W.Va. 14, 144 S.E. 568. This is undoubtedly the rule relating to injuries in this jurisdiction and apparently is the rule in the majority of American jurisdictions. 1 LARSON, WORKMEN'S COMPENSATION, Section 12.20, page 3-231; 58 AM. JUR., *Workmen's Compensation*, Section 247, page 749. The question is whether the rule should be extended to apply to a death which would have occurred without the injury but the injury caused the deceased to expire sooner than he would have from the natural progression of the disease. While West Virginia has not considered this proposition,

the courts of other states have been faced with it and have answered in the affirmative.

A number of non-fatal cases from other jurisdictions have held an injury aggravating and accelerating a pre-existing malignant condition to be compensable. *Strasser v. Jones*, 186 Kan. 507, 350 P.2d 779; *Pixley v. Employers' Mutual Liability Insurance Company*, 102 So. 2d 113 (La. App.); *City of Seymour v. Industrial Commission*, 25 Wis. 2d 482, 131 N.W.2d 323. See also 1 LARSON, WORKMEN'S COMPENSATION, Section 12.20, pages 3-231 and 3-253. Carcinomatous death which has been accelerated by injury has also been considered by many other jurisdictions. Representative of these holdings are: *Old v. Cooney Detective Agency*, 215 Md. 517, 138 A.2d 889; *Normile v. Thomas P. Spagnoletti Construction Company*, 27 A.D.2d 169, 277 N.Y.S.2d 155; *Harbor Plywood Corporation v. The Department of Labor and Industries*, 48 Wash. 2d 553, 295 P.2d 310. See also 58 AM. JUR., *Workmen's Compensation*, Section 247, page 749 et seq.; 1 LARSON, WORKMEN'S COMPENSATION, Section 12.20, page 3.231 et seq.

In the *Harbor Plywood* case, the court held that where the evidence established that the accidental injury was a factor contributing to the employee's death from cancer without which the death would not have occurred when it did, the award of a pension to the widow was proper even though the cancerous condition existed before the injury. The court in that case [48 Wash. 2d 553, 556-57, 295 P.2d 310, 313] said:

> " * * * if an injury * * * lights up or makes active a latent or quiescent infirmity or weakened physical condition occasioned by disease, the resulting disability is to be attributed to the injury and not to the pre-existing physical condition, *and it is immaterial whether the infirmity might possibly have resulted in eventual disability or death, even without the injury.*" (Italics supplied.)

The principal medical evidence in the instant case reflects an expert medical witness's opinion that the injury

received by Mr. Keller hastened his death. It is true that according to the medical evidence he would probably have eventually died from the malignant condition without the injury. The medical witness did not attempt to say nor would it appear possible to judge how much of Mr. Keller's life was forfeited because of the injury. From the evidence in the record, it appears that he could have died at any time without the injury and conversely it does not appear how long proper medical treatment could have sustained him had he not been injured.

This Court said in the second point of the syllabus of *Sowder v. State Workmen's Compensation Commissioner*, 155 W.Va. 889, 189 S.E.2d 674, that the "claimant in a workmen's compensation case must bear the burden of proving his claim but in doing so it is not necessary to prove to the exclusion of all else the causal connection between the injury and the employment."

So here the same rule as to proof of an essential element applies. Although the claimant has the burden of proving the causal connection between the injury and death, it is not required that she prove it to the exclusion of all else.

The Workmen's Compensation Appeal Board, therefore, was clearly wrong in finding that the deceased's work-incurred injury had no causal connection with his death and its ruling is reversed and the case is remanded to the Workmen's Compensation Appeal Board and to the State Workmen's Compensation Commissioner with directions to enter an order awarding the claimant workmen's compensation benefits pursuant to the provisions of Chapter 23, Article 4, Section 10 of Code, 1931, as amended.

*Reversed and remanded with directions.*