# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**KAREN WALKER,**
**Claimant below, Petitioner**

**vs.)   No. 22-ICA-190**    (BOR Appeal No. 2058243)
(JCN: 2021000769)

**GOODWILL INDUSTRIES OF KANAWHA VALLEY, INC.,**
**Employer below, Respondent**

**FILED**
**February 2, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Karen Walker appeals the September 27, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent Goodwill Industries of Kanawha Valley, Inc., filed a timely response.[1] Petitioner did not file a reply brief. The issue on appeal is whether the Board erred in affirming the Office of Judges' ("OOJ") order affirming the claim administrator's order denying the addition of patellofemoral arthritis of the left knee and knee pain as compensable conditions and closing the claim for temporary total disability ("TTD") benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On July 8, 2020, Ms. Walker tripped over a clothing rack while at work and injured her knee. Treatment records from MedExpress dated July 13, 2020, indicate that Ms. Walker reported pain and swelling in the left knee which was worsened with movement and weightbearing. The assessment was a contusion of the left knee, and, on that same day, the claim administrator held the claim compensable for a contusion of the left knee.

Ms. Walker was seen by an orthopedist, David Felder, M.D., on July 14, 2020. Dr. Felder diagnosed strain of the left tibialis muscle, and he prescribed physical therapy. Ms. Walker was seen by Dr. Felder again on August 11, 2020. She reported having attended five physical therapy sessions but claimed they did little to help the pain. Dr. Felder diagnosed a contusion of the left anterior thigh and a strain of the left tibialis anterior

---

[1] Ms. Walker is represented by Patrick K. Maroney, Esq. Goodwill Industries of Kanawha Valley, Inc. is represented by Steven K. Wellman, Esq.

muscle, both of which were completely resolved of symptoms. Dr. Felder did not believe an MRI was necessary as Ms. Walker had been inconsistent with her areas of discomfort and that his objective findings did not align with Ms. Walker's subjective complaints. Although Ms. Walker expressed the need to limp when she walked, Dr. Felder indicated that she appeared to walk with minimal discomfort and that she appeared to be comfortable while sitting. Dr. Felder stated that Ms. Walker could work on modified duty and that with additional physical therapy, she likely could return to full duty in two weeks. On August 14, 2020, the claim administrator gave Ms. Walker a thirty-day notice that TTD benefits would be closed unless she provided evidence warranting additional benefits.

On August 27, 2020, Ms. Walker returned to see Dr. Felder for a follow up. She reported severe pain at times and no pain at others. Dr. Felder opined that her complaints were confusing and noted that Ms. Walker had been inconsistent with physical therapy. Further, she was hysterical and crying due to pain at times, while at other times she sat very comfortably without pain. At times she ambulated without signs of discomfort, while at other times she complained of pain so severe she could barely move. Dr. Felder also noted that Ms. Walker's description of her pain was incompatible with her reports at the last visit. He reported observing Ms. Walker walking in the office parking lot and noted that she appeared to be able to get into the driver's side of her Jeep and drive unassisted with minimal discomfort, yet she cried out in pain when he touched her leg. He diagnosed left thigh pain and left leg pain.

Ms. Walker underwent an MRI in September of 2020 that revealed degenerative changes in the medial meniscus and the medial and lateral compartmental cartilage. The impression was mild degenerative changes, lateral patellar tilt without subluxation, mild chondromalacia of the lateral patellar facet, and suspect intraosseous ganglion/geode in the mid proximal tibia.

On October 5, 2020, Ms. Walker saw Chad Lavender, M.D., an orthopedist. Dr. Lavender reviewed the MRI and noted that it revealed a suspected intraosseous ganglion/geode. He stated that Ms. Walker had patellofemoral arthritis but no obvious tearing of the meniscus. Dr. Lavender referred Ms. Walker to Felix Cheung, M.D., an orthopedic oncologist, for the geode on the tibia. Dr. Lavender opined that Ms. Walker's knee was not causing her pain.

Ms. Walker was examined by Dr. Cheung on October 21, 2020. He reviewed the X-rays and the MRI and concluded that Ms. Walker had an enchondroma connected to a synovial cyst coming down from the tibial plateau. Dr. Cheung did not believe that these issues were causing her leg pain or swelling and deferred further treatment to Dr. Lavender, as Dr. Cheung's role was simply to make sure the lesion did not grow or become malignant. Ms. Walker returned to Dr. Lavender on October 26, 2020, and he diagnosed her with patellofemoral arthritis with a geode in the proximal tibia. He noted that she had not

complied with the recommended testing and stated that he was uncertain of the nature of her pain, which did not seem to be coming from her knee based on the MRI.

On November 4, 2020, Ms. Walker underwent an independent medical evaluation ("IME") performed by Bruce Guberman, M.D. Dr. Guberman's impression was a history of a contusion of the left knee and leg. According to Dr. Guberman, Ms. Walker's compensable condition had not worsened, and her subjective complaints were only partially supported by objective medical evidence. Dr. Guberman opined that Ms. Walker had reached maximum medical improvement ("MMI"), had no permanent impairment, and needed no further treatment for the compensable injury.

Later that month, Ms. Walker was examined by Frederic Pollock, M.D., an orthopedic surgery specialist. Ms. Walker presented in a wheelchair and claimed that she was unable to walk without severe pain. Dr. Pollok's impression was an acute and chronic strain of the left leg and possible complex regional pain syndrome, and he referred her back to Dr. Cheung and Dr. Lavender for further treatment. Subsequently, Ms. Walker requested a referral to yet another orthopedic surgeon, Matthew Stover, M.D.

Ms. Walker was examined by Dr. Stover in December of 2020. Dr. Stover's clinical notes indicated that the case began as a workers' compensation injury, but it was no longer being considered under workers' compensation. Dr. Stover assessed chondromalacia of the patella and agreed with the other physicians that the ganglion was not causing Ms. Walker's pain. Rather, he believed it was attributable to wear and tear in the knee. He suggested a chondroplasty of the knee, and Ms. Walker agreed to the surgery. Dr. Lavender completed a diagnosis update form requesting that patellofemoral arthritis of the left knee and left knee pain be added as compensable conditions.

On December 17, 2020, Rebecca Thaxton, M.D., performed a review of Ms. Walker's case and opined that the diagnosis of patellofemoral arthritis was not caused by the injury and should not be added to the claim. While the injury may have caused a temporary worsening of the symptoms of patellofemoral arthritis, Dr. Thaxton stated that no documentation showed how the condition related to the compensable injury, and she opined that the condition had resolved and returned to its baseline. She further noted that left knee pain is a symptom, not a diagnosis, and, therefore, should not be added to the claim. As a result, the claim administrator denied the addition of these conditions to the claim on December 27, 2020. Ms. Walker filed an internal grievance, which was denied by the Encova Select Grievance Board.

On January 15, 2021, the claim administrator closed the claim for TTD benefits, noting that Ms. Walker failed to provide any evidence warranting continued benefits following the August 14, 2020, thirty-day notice. Shortly thereafter, on January 20, 2021, the claim administrator issued an order denying the addition of patellofemoral arthritis of the left knee and knee pain as compensable conditions, citing the findings of the Encova

Select Grievance Board. Ms. Walker protested both orders. She also underwent the surgery recommended by Dr. Stover that same month, which was never submitted as part of the claim and was paid for by her private insurance.

In March of 2021, Dr. Stover completed a second diagnosis update form, requesting that chondromalacia patella be added to the claim. He examined Ms. Walker as a follow up to her surgery in May of 2021, and noted that she reported continued pain and swelling, which was normal following surgery. Dr. Stover stated that preexisting osteoarthritis was noted during the surgery and opined that the injury aggravated said condition.

Ms. Walker saw a physician for pain relief in June of 2021 and was diagnosed with pes anserinus bursitis of the left knee and left knee pain. She underwent another MRI in August of 2021, which showed a mild irregularity of the posterior patella consistent with mild chondromalacia patella and a lesion within the proximal tibia consistent with a subchondral cyst. In November of 2021, Ms. Walker testified via deposition regarding her injury and treatment. According to Ms. Walker, she had not been treated for any knee conditions prior to the compensable injury.

By order dated April 15, 2022, the OOJ affirmed the claim administrator's orders denying the addition of patellofemoral arthritis and left knee pain and closing the claim for TTD benefits. The OOJ noted Ms. Walker's inconsistent and seemingly exaggerated complaints regarding her pain. It further noted that the MRI showed degenerative changes in the knee, which would not be attributed to the injury, and that Dr. Stover initially agreed that Ms. Walker's pain was not due to the injury. The OOJ further noted that Dr. Thaxton reviewed the claim and determined that neither the diagnosis of patellofemoral arthritis nor that of knee pain should be added to the claim. According to Dr. Thaxton, the arthritis was preexisting, and no documentation showed how it was related to the compensable injury. Moreover, pain was a symptom and not a diagnosis to be added to the claim. The OOJ concluded that patellofemoral arthritis was a degenerative condition that would not have occurred between the July 2020 injury and the September 2020 MRI, and it opined that, per *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016), it was not a discrete new injury. As such, the OOJ denied the addition of these conditions. The OOJ further determined that Ms. Walker was not entitled to additional TTD benefits as Dr. Gubmerman had placed her at MMI on November 4, 2020, and any subsequent treatment was aimed at her cyst or geode, which were not compensable and were outside the scope of the claim. By order dated September 27, 2022, the Board adopted the findings and conclusions of the OOJ and affirmed its April 15, 2022, order. Ms. Walker now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further

4

proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1) In violation of statutory provisions;

(2) In excess of the statutory authority or jurisdiction of the Board of Review;

(3) Made upon unlawful procedures;

(4) Affected by other error of law;

(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, No. 22-ICA-10, __W. Va.__, __, __S.E.2d __, __, 2022 WL 17546598, at *4 (Ct. App. Dec. 9, 2022).

On appeal, Ms. Walker argues that her ongoing issues with her knee are related to the compensable condition. According to Ms. Walker, she did not have any problems with her knee prior to the compensable injury. Since then, Ms. Walker has consistently suffered from pain and arthritis in her knee and, as such, she avers that the work injury clearly created or aggravated these medical conditions and, therefore, should have been added to the claim. Ms. Walker claims that *Gill* has no bearing on her case as she did not have any prior medical care or treatment for her knee until after the work injury. She argues that, per *Jordan v. State Workmen's Comp. Comm'r*, 156 W. Va. 159, 191 S.E.2d 497 (1972), and *Keller v. State Workmen's Comp. Comm'r*, 156 W. Va. 760, 197 S.E.2d 306 (1973), an employer must take an employee as it finds him or her—preexisting conditions included. Ms. Walker avers that under these cases, even if she did have these latent infirmities, the injury made the conditions active and they should have been added to the claim.

Upon review, we find no error in the OOJ's findings, as affirmed by the Board, denying the addition of patellofemoral arthritis and knee pain to the claim and closing the claim for TTD benefits. At the outset we note that that knee pain is a symptom, not a diagnosis, and cannot be added to the claim. *See Owens v. Bundy Auger Mining, Inc.*, No. 20-0664, 2022 WL 10218876 at *3 (W. Va. Oct. 18, 2022) (memorandum decision) ("Thoracic pain and muscle spasms are symptoms, not diagnoses, and therefore cannot be added to the claim."). Regarding the addition of preexisting conditions to the claim, the Supreme Court of Appeals of West Virginia has previously held that

[a] noncompensable preexisting injury may not be added as a compensable component of a claim for workers' compensation medical benefits merely because it may have been aggravated by a compensable injury. To the extent that the aggravation of a noncompensable preexisting

injury results in a [discrete] new injury, that new injury may be found compensable.

*Gill v. City of Charleston*, 236 W. Va. at 738, 783 S.E.2d at 858, syl. pt. 3. Furthermore,

> [a] claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards. *There still must be sufficient medical evidence to show a causal relationship between the compensable injury and the disability*, or the nature of the accident, combined with the other facts of the case, raises a natural inference of causation. This presumption is not conclusive; it may be rebutted by the employer.

Syl. Pt. 5, *Moore v. ICG Tygart Valley*, LLC, No. 20-0028, __ W. Va. __, 879 S.E.2d 779 (2022) (emphasis added).

Here, Ms. Walker fails to demonstrate that any preexisting conditions are compensable under *Gill* or *Moore*. Per *Gill*, Ms. Walker must demonstrate a discrete new injury which, as noted by the OOJ, is not established by the medical evidence of record. Likewise, per *Moore*, Ms. Walker must demonstrate a causal relationship between the compensable injury and the disability. However, Ms. Walker's arguments on appeal fail to establish such a connection. While Dr. Lavender completed the Diagnosis Update form seeking the addition of patellofemoral arthritis to the claim, his clinical notes clearly indicate that he did not believe Ms. Walker's knee was the source of her pain. Dr. Thaxton also reviewed the claim and opined that Dr. Lavender's Diagnosis Update form did not support that patellofemoral arthritis was caused by the work injury. Moreover, several physicians pointed out inconsistencies and exaggerations in Ms. Walker's reports of pain. Based on the foregoing, we find that the facts do not warrant adding patellofemoral arthritis as there was not "sufficient medical evidence to show a causal relationship between the compensable injury and the disability, or the nature of the accident." *Moore*, __ W. Va. at __, 879 S.E.2d at 781, syl. pt. 5, in part. Accordingly, Ms. Walker is entitled to no relief in this regard.

Regarding TTD benefits, we likewise find that Ms. Walker is entitled to no relief. "[T]emporary total disability benefits should be terminated when a claimant either has reached his MMI from the industrial accident, or has been medically certified to return to work." *Mitchell v. State Workmen's Comp. Comm'r*, 163 W. Va. 107, 113, 256 S.E.2d 1, 7 (1979). Here, the only compensable condition is contusion of the left knee. On August 11, 2020, Dr. Felder opined that Ms. Walker could return to work with modified duty and that she could likely return to full duty two weeks later. At that time, the claim administrator issued a thirty-day notice that Ms. Walker's TTD benefits would be suspended unless she

6

provided additional medical evidence demonstrating that the benefits should continue, which she did not do. Further, Dr. Guberman placed Ms. Walker at MMI for the left knee contusion in November of 2020. Given the foregoing, the OOJ, as affirmed by the Board, did not err in denying Ms. Walker additional TTD benefits.

Accordingly, we affirm.

Affirmed.

**ISSUED:** February 2, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen

Judge Thomas E. Scarr, not participating